**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Justina MARTINEZ–GONZALEZ,
Defendant–Appellant.**

No. 90–50561.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 1992.*

Decided April 20, 1992.

As Amended May 5, 1992.

---

* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a), and Ninth Cir.R. 34–4.

Michael L. Crowley, San Diego, Cal., for defendant-appellant.

Judith S. Feigin, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before: BOOCHEVER, NORRIS, and NOONAN, Circuit Judges.

BOOCHEVER, Circuit Judge:

Justina Martinez–Gonzalez appeals her sentence of 27 months imposed following conviction on a guilty plea to conspiracy to transport and harbor illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(B) & (C) and 18 U.S.C. § 371. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

I.

Martinez–Gonzalez argues that the district court erred in departing upward by two levels from her base offense level of thirteen due to the sophistication of her smuggling organization and the large numbers of aliens involved.

In *United States v. Lira–Barraza*, 941 F.2d 745 (9th Cir.1991) (en banc), this court set forth a three-part test for evaluating a district court's decision to depart from the applicable Sentencing Guidelines range. First, we review *de novo* whether the district court had legal authority to depart. *Id.* at 746. Second, we review for clear error the factual findings supporting the existence of the identified circumstance. *Id.* Third, we review for abuse of discretion whether the degree of departure was reasonable within the meaning of 18 U.S.C. § 3742(e)(3) and (f)(2). *Id.* at 747.

A district court is authorized to depart from the applicable Guideline range if it identifies an aggravating circumstance that was not adequately considered by the Commission. *Id.* at 746. The Commentary to the Guidelines informs us that "[t]he

Commission has not considered offenses involving large numbers of aliens or dangerous or inhumane treatment. An upward departure should be considered in those circumstances." U.S.S.G. § 2L1.1, comment. (n. 8). The court here stated that its upward departure was based on "the length [of time of the conspiracy], the sophistication, and the large number of aliens that went through this particular organization." Excerpts of Record (E.R.) at 37. Hence, it identified aggravating circumstances which could provide a proper basis for an upward departure.

■ Contrary to Martinez–Gonzalez' contention, a district court is not required to find both a large number of aliens *and* dangerous or inhumane treatment of aliens for the purpose of departing upward. The Commentary plainly uses the disjunctive "or" rather than the conjunctive "and," thereby indicating that each clause is to be given separate meaning. *See Garcia v. United States*, 469 U.S. 70, 73, 105 S.Ct. 479, 481, 83 L.Ed.2d 472 (1984). Nor is there any support for the proposition that the large number of aliens must be transported in one trip. *Cf. United States v. Nuno–Huizar*, 863 F.2d 36, 38 (9th Cir. 1988) (per curiam) (observing that court would have affirmed an upward departure based on a sophisticated scheme moving large numbers of aliens over a period of time) (dicta).

■ Turning to the second step of the *Lira–Barraza* test, the record amply supports the district court's finding that a large number of aliens were involved. According to the Presentence Report (PSR), at least 146 illegal aliens were transported in connection with the appellant's activities between January 24 and March 2, 1990. *See* PSR at 1–7. We find that this constitutes "large numbers of aliens" for the purpose of an upward departure under U.S.S.G. § 2L1.1. *See, e.g., United States v. Lopez–Escobar*, 884 F.2d 170, 171, 173 (5th Cir.1989) (observing that thirty-five aliens was an "extraordinary number of aliens" and warranted an upward departure).

■ Finally, we find that the extent of the departure from the Guidelines was reasonable. "Reversal is required only if the choice [of a departure sentence] is 'unreasonable' in light of the standards and policies incorporated in the Act and the Guidelines." *Lira–Barraza*, 941 F.2d at 751.

Within criminal history category II, Martinez–Gonzalez' sentence was increased from an offense level of thirteen, with a Guidelines range of 15 to 21 months, to level fifteen, with a range of 21 to 27 months. At the sentencing hearing, the judge carefully stated her reasons for this departure. She first observed that the "very sophisticated" smuggling organization was "extensive and large," as well as "well organized and efficient." She supported her conclusions by noting: 1) that drivers brought persons across the border on numerous occasions to Martinez–Gonzalez' home, which operated as a drop house, 2) that Martinez–Gonzalez arranged for further transportation of the aliens north, and 3) that she also arranged for the aliens' safekeeping in both San Diego and Los Angeles. The judge also referred to the numerous trips and some of the large numbers of aliens involved. Based on the court's statements, we cannot say that the court abused its discretion in departing upward by two levels.

In reviewing the reasonableness of the extent of departure, we also find a useful structural analogy in the numerous Guidelines offenses requiring a two-level increase in the base offense level if "more than minimal planning" is involved. *See, e.g.,* U.S.S.G. § 2A2.1(b)(1) (assault with intent to commit murder); § 2B1.1(b)(4) (larceny, embezzlement and other forms of theft); § 2B1.2(b)(3)(B) (receiving, transporting or transmitting stolen property); U.S.S.G. § 2F1.1(b)(2) (fraud). "More than minimal planning" is generally deemed present in any case involving repeated acts over a period of time. *See* U.S.S.G. § 1B1.1, comment. (n. 1(f)). Because the large numbers of aliens transported over a period of time and the sophistication of the smuggling organization are offense characteristics suggesting "more than minimal planning," we find the two-level departure to be reasonable.

## II.

Martinez–Gonzalez also argues that the district court erred in departing upward pursuant to U.S.S.G. § 4A1.3, on the grounds that criminal history category I did not adequately reflect the seriousness of her past criminal conduct. Citing two previous arrests for smuggling aliens, the district court found that criminal history category II more accurately reflected Martinez–Gonzalez' criminal history.

■ Appellant first contends that she did not have adequate notice that her criminal history category would be increased because the PSR Addendum recommending the increase was filed three days prior to sentencing. We find this contention lacks merit. In its opposition to the PSR, the Government argued that category II more accurately reflected the appellant's past criminal conduct than the PSR's recommendation of category I. This opposition was filed on July 27, 1990, ten days prior to sentencing. Yet Martinez–Gonzalez failed to raise any objections to this argument when she responded to the Government's opposition on July 30, 1990. Nor did she challenge the court's upward departure to category II at sentencing or ask for a continuance for the purpose of responding to the PSR Addendum, after she learned of the probation officer's revised recommendation of an upward departure to category II. Under these circumstances, we find that the appellant had sufficient notice of the possible departure. *Cf. United States v. Brady*, 928 F.2d 844, 846–48 (9th Cir. 1991) (sentence cannot be enhanced beyond range stated in PSR because the PSR and the sentencing court did not provide notice to defendant about the possible bases for departure).

■ Because Martinez–Gonzalez failed to raise below the issue of the departure in her criminal history category, we review the court's decision for plain error. *See United States v. Anderson*, 850 F.2d 563, 566 n. 2 (9th Cir.1988). While arrests that do not result in convictions may not be considered in determining a defendant's criminal history category, *see* U.S.S.G. § 4A1.1, "prior similar adult criminal conduct not resulting in a criminal conviction"

may be considered for the purpose of upward departure if such category underrepresents past criminal conduct. U.S.S.G. § 4A1.3(e). *Cf. United States v. Cota–Guerrero*, 907 F.2d 87, 90 (9th Cir.1990) (reversed conviction cannot be considered to calculate criminal history score, but can be considered to depart upward under § 4A1.3 if it provides reliable evidence of past criminal activity). The use of aliases during arrests may also justify an upward departure on the basis of underrepresented criminal history. *United States v. Montenegro–Rojo*, 908 F.2d 425, 428–29 (9th Cir.1990). *See also United States v. Rodriguez–Castro*, 908 F.2d 438, 442 (9th Cir. 1990) ("repeated use of fictitious names" is conduct "not adequately considered by the Commission and ... a justifiable ground for departure.") In considering an upward departure based on the inadequacy of a criminal history score, the court should " 'use, as a reference, the guideline range for a defendant with a higher ... criminal history category.' " *United States v. Cervantes Lucatero*, 889 F.2d 916, 919 (9th Cir.1989) (quoting U.S.S.G. § 4A1.3, p.s.). Thus, in the case of previous similar arrests in which aliases were used, the extent of upward departure could be measured by the change that would have occurred in the criminal history category because of convictions that would likely have occurred in the absence of the use of aliases.

■ We find no plain error in the district court's application of U.S.S.G. § 4A1.3. The court's assumptions about the appellant's use of aliases do not constitute plain error, given that Martinez–Gonzalez admitted to the probation officer preparing the PSR that she had used aliases when arrested to avoid criminal prosecution. We are more concerned that the record is unclear whether the alien smuggling arrests led to an improper increase in the criminal history category to II or to a proper upward departure in the sentence, which was merely measured by the sentence that would have been imposed had the appellant's criminal history category been II. In this case, the failure of the district court to state precisely that it was departing upward and using criminal history category II only as a refer-

ence does not constitute plain error. The resulting sentence would have been the same whether the court had departed upwards three months from the applicable range for a total offense level 15 and a criminal history category I or whether the court had imposed a sentence within the range for an offense level 15 and a criminal history category II. Accordingly, we find that the upward departure based on underrepresentation of criminal history did not constitute plain error.

### III.

■ Martinez–Gonzalez contends that the district court erroneously denied her a two-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). We review this essentially factual determination for clear error. *United States v. Aichele*, 941 F.2d 761, 767 (9th Cir.1991). Because the sentencing judge is "in a unique position to evaluate a defendant's acceptance of responsibility," her determination is entitled to "great deference." U.S.S.G. § 3E1.1, comment. (n. 5).

Martinez–Gonzalez directs us to the Commentary to Guideline § 3E1.1, which states that the entry of a guilty plea combined with "truthful admission of involvement in the offense and related conduct" will constitute significant evidence of acceptance of responsibility. U.S.S.G. § 3E1.1, comment. (n. 3). She asserts that she spoke candidly with the probation officer and expressed her remorse for her conduct in a letter to the court.

The district court, however, found Martinez–Gonzalez' version of the facts to the probation officer to be "truly incredible." First, the appellant only admitted to smuggling aliens between January and March of 1990. She also stated that she only became involved because of a favor to a friend and the undercover agents' encouragement. The court found that this contradicted her earlier statements to the agents that she had been involved in alien smuggling for twelve years. *Cf. United States v. Smith*, 905 F.2d 1296, 1301–02 (9th Cir.1990) (differing version of facts given to FBI and

then to probation officer justified denial of two-point reduction for acceptance of responsibility).

Second, irrespective of the contradictory statements, the district court found that the appellant's "facts don't make any sense." E.R. at 33. The court found it difficult to believe that Martinez–Gonzalez could have organized a large load of aliens to transport within twenty-four hours of the agents' first contact with her, as her statement to the probation officer implied. Because the district court questioned the truthfulness of Martinez–Gonzalez' "self-serving" statements regarding her involvement in the offense and related conduct, we conclude that its refusal to grant a deduction for acceptance of responsibility was not clearly erroneous.[1] *Cf. United States v. Ramos*, 923 F.2d 1346, 1360 (9th Cir.1991) (finding no acceptance of responsibility due to defendant's minimalist description of involvement in the convicted crimes).

### IV.

■ Finally, Martinez–Gonzalez contends that the district court erred in failing to state reasons for imposing a sentence at the upper end of the Guidelines range to which it referred, namely, 21 to 27 months. Martinez–Gonzalez argues that 18 U.S.C. § 3553(c)(1) requires the court to state its reasons for imposing a sentence at a particular point within the applicable range.

Section 3553(c)(1), however, is inapplicable to this case because by definition, a sentence involving an upward departure is not imposed within the applicable Guidelines range. Martinez–Gonzalez did not receive a sentence within the applicable Guidelines range for a defendant with a criminal history category I and an offense level of 13. Rather, Judge Keep departed upward from an offense level of 13 to 15 due to the large number of aliens transported and the sophistication of the smuggling organization. Second, she also found that the underrepresentation of Martinez–

---

1. In light of the district court's articulated reasons for denying the two-point reduction, the district court's and probation officer's reliance

on an unpublished decision, *United States v. Amaya–Vasquez*, 904 F.2d 41 (9th Cir.1990), was harmless error.

Gonzalez' criminal history provided another basis for an upward departure. These specific reasons led to a sentence of 27 months, by using criminal history category II and an offense level of 15 as guideposts for the extent of the upward departure.

Thus, 18 U.S.C. § 3553(c)(2), rather than 18 U.S.C. § 3553(c)(1), applies here. Section 3553(c)(2) requires the court to state, if the sentence "is not of the kind, or is outside the range" established for the applicable category of offense committed by the applicable category of defendant, "the specific reasons for the imposition of a sentence different from that described." 18 U.S.C. § 3553(c)(2) (1988). As discussed in Sections I and II above, Judge Keep carefully stated her reasons for departing upward to a sentence between 21 to 27 months and thus, for imposing a sentence different from the 12 to 18 month range prescribed by a criminal history category I and an offense level of 13.

▪ In any event, even if we assumed that Martinez–Gonzalez had not received an upward departure and that the 21 to 27 month range had been the applicable Guidelines range, 18 U.S.C. § 3553(c)(1) still would not apply. Section 3553(c)(1) only requires the court to state its reasons for imposing a sentence at a particular point within the applicable range if that range exceeds 24 months. *See, e.g., United States v. Upshaw*, 918 F.2d 789, 792 (9th Cir.1990) (requiring statement of reasons for choosing a sentence within a sentencing range of 188 to 235 months), *cert. denied,* —— U.S. ——, 111 S.Ct. 1335, 113 L.Ed.2d 266 (1991). Because the applicable Guidelines range would have been only six months, from 21 to 27 months, § 3553(c)(1) would not have applied. Accordingly, we find no error.

AFFIRMED.