976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfonso Luis GARZA, Defendant-Appellant.
 No. 91-50757.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfonso Luis Garza appeals his sentence of 41 months under the United States Sentencing Guidelines (Guidelines), imposed following entry of a guilty plea, for manufacturing 26,000 counterfeit twenty-dollar Federal Reserve notes in violation of 18 U.S.C. § 471 (Count I), and manufacturing approximately 40,000 counterfeit alien registration cards in violation of 18 U.S.C. § 1546(a) (Count V). Garza contends that the district court erred by departing upward by two levels from his adjusted offense level of 16 due to the scope of his counterfeit operation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We use the following three-part test in evaluating a district court's decision to depart upward from the applicable Guidelines range: (1) we review de novo whether the district court identified an aggravating circumstance of a kind or degree not adequately taken into account by the Sentencing Commission; (2) we review for clear error the district court's factual findings supporting the existence of the aggravating circumstance; and (3) we review for abuse of discretion whether the extent of the departure was reasonable within the meaning of 18 U.S.C. § 3742(e)(3) and (f)(2). United States v. Martinez-Gonzalez, 962 F.2d 874, 875 (9th Cir.1992); United States v. Lira-Barazza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc).
 
 
 4
 a. Authority to Depart/Factual Findings
 
 
 5
 Here, the district court identified the scope of Garza's counterfeiting operation as the aggravating circumstance. Specifically, Guidelines section 2L2.1(a) contains no enhancement provision for counterfeit alien registration cards. Garza does not dispute the factual circumstances on which the district court based its decision to depart. Therefore, the first two prongs of the test are satisfied. See Martinez-Gonzalez, 962 F.2d at 875.
 
 
 6
 Garza, however, relying on United States v. Faulkner, 934 F.2d 190, 192-94 (9th Cir.1991) (district court cannot depart upward on the basis of counts dismissed pursuant to a plea agreement), amended on other grounds, 952 F.2d 1066 (9th Cir.1991), contends that the district court erroneously departed upward by relying on counts which were dismissed pursuant to a plea agreement. Garza's reliance on Faulkner is misplaced.
 
 
 7
 In addition to the two instant offenses, Garza was indicted for possessing a laminating machine and an Immigration and Naturalization Service seal with the intent to produce false identification documents in violation of 18 U.S.C. § 1025(a)(5) (Count II), and producing and possessing with intent to use unlawfully approximately 45,000 counterfeit social security cards in violation of 18 U.S.C. § 1028(a)(1) and (a)(3) (Counts III-IV). Pursuant to a negotiated plea agreement, Garza pled guilty to Counts I and V, and the government agreed to dismiss Counts II-IV. We have recently held that the district court may depart upward based on a dismissed charge which describes conduct relevant to the count of conviction. See United States v. Shields, 939 F.2d 780, 783 (9th Cir.1991) (distinguishing Faulkner ); see also U.S.S.G. § 1B1.3. Here, the district court did not rely on dismissed charges, but sentenced Garza only on the basis of relevant conduct surrounding the two instant offenses. Accordingly, Garza's contention lacks merit.
 
 
 8
 b. Reasonableness of the Degree of Departure
 
 
 9
 Garza contends that the district court erred by failing to state its reasons for the direction and degree of the departure. This contention lacks merit.
 
 
 10
 Here, based upon a total offense level of 16 and criminal history category III, Garza's sentencing range was 27-33 months. See U.S.S.G. § 5A. At sentencing, the district court departed upward to level 18 which carried a sentencing range of 33-41 months. See id. The district court indicated that it was departing upward because "the counterfeit cards were printed by the defendant, [and] the I.N.S. and social security cards ... [were] found in cities throughout the United States, so he's a big operator, and the Guidelines don't take that into account. They only have one flat rate for committing this offense without regard to the scope of the offense" (RT 10/21/91 at 48-49). Following further arguments from counsel, the district court stated that "the defendant is a very major counterfeiter of these documents, and these documents were actually in use in many cities across the United States, which is a further aggravating factor" (id. at 54). In light of these statements describing more than minimal planning, the district court did not abuse its discretion by departing upward by two levels. See Martinez-Gonzalez, 962 F.2d at 876.[1]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Garza also claims that the district court erroneously departed upward because of its dislike for defense counsel. Because Garza failed to raise this argument below, we decline to address it for the first time on appeal. See United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992) (generally this court will not address an argument raised for the first time on appeal)