996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne HEAD, Defendant-Appellant.
 No. 92-30342.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1993.
Decided June 16, 1993.
 
 Before: BRUNETTI, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Wayne Head appeals his conviction and subsequent sentence for providing false statements to the Small Business Administration (SBA), in violation of 18 U.S.C. § 1001, and fraudulent conversion of collateral pledged to the SBA, in violation of 15 U.S.C. § 645(c). This case resulted from a disaster relief loan Head received from the SBA after his home in Alaska was damaged in 1986.
 
 
 3
 We find the district court committed no errors at trial or sentencing, and thus we affirm.
 
 
 4
 * ADDITIONAL EVIDENCE
 
 
 5
 Head contends his due process rights were violated when the prosecution introduced evidence of criminal activity in this case beyond that which was charged in the indictment. He maintains that this evidence constituted a variance of proof at trial of a criminal plan broader than that alleged in the indictment and thus violated his Fifth Amendment right to be tried only on charges presented in the indictment returned by a grand jury. Stirone v. United States, 361 U.S. 212 (1960). We review de novo the allegation the district court constructively amended Head's indictment. United States v. Pisello, 877 F.2d 762, 764 (9th Cir.1989).
 
 
 6
 Counts III and IV of the superceding indictment allege Head made false and fictitious material statements to the Small Business Administration, in violation of 18 U.S.C. § 1001. Those two counts identify the false statements as Head's representation that on September 1, 1987 he received 122.63 tons of sand for use on the repaired structure, when in fact that sand was delivered to another of his residences, and Head's representation that a payment to the Matanuska Telephone Association was to repair damages to the property he was repairing, when in fact that work was done elsewhere.
 
 
 7
 Head protests the government's introduction of other allegedly false representations of expenditures Head made to the SBA, because those expenditures were not specifically mentioned in the indictment. The admission of the evidence of other false expenditure submissions by the appellant did not constitute an amendment to the indictment issued against him. The indictment alleged specific acts which constituted the material misstatements Head made to the SBA. Although the government attempted to include evidence of the other fraudulent claims to prove the charge in the indictment, maintaining the specific items delineated in the indictment were only "examples", the district court properly rejected the government's position, because to have followed it would have constituted an improper broadening of the indictment. Instead, the court admitted the other actions for the limited purpose of showing intent, motive and absence of mistake, under Fed.R.Evid. 404(b).
 
 
 8
 The introduction of the other fraudulent claims did not enlarge the indictment. The district court held the government would have to prove the specific allegations made in the indictment and could not gain a conviction based on any of the other allegations of fraudulent misconduct. The court so instructed the jury. The jury instructions stated the government must prove beyond a reasonable doubt "the defendant made a false statement as detailed in the indictment in a document submitted to the Small Business Administration." (emphasis added). The cases cited by appellant, in which the courts have found Stirone error, are inapposite, as in each of those cases the government was permitted to gain a conviction based solely on actions not specified in the indictment but which were introduced at trial. See, e.g., Stirone, 361 U.S. at 214 (trial judge specifically charged the jury they could find guilt based on either of two actions, only one of which was charged in indictment); United States v. Solis, 841 F.2d 307, 308-309 (9th Cir.1988) (finding error when jury instructed on heroin possession but defendants charged only with distribution). Here the government had to prove the specific allegations in the indictment to gain a conviction and Head was not convicted for making fraudulent statements other than those charged. There was no error.[1]
 
 II
 SUFFICIENCY OF THE EVIDENCE
 
 9
 Appellant argues the evidence was not sufficient to withstand the motion he made pursuant to Fed.R.Crim.P. 29 at the conclusion of the government's case. However, Head failed to renew this motion at the conclusion of trial. When a defendant fails to renew a motion for judgment of acquittal at the close of all evidence, this court reviews only for plain error to prevent a miscarriage of justice. United States v. Winslow, 962 F.2d 845, 850 (9th Cir.1992). In resolving the sufficiency of the evidence, the government is entitled to "all reasonable inferences which may be drawn from [the evidence], when viewed in the light most favorable to the government." Id. (alterations in original) (quotations omitted).
 
 
 10
 Our review of the record indicates the evidence was sufficient so that the district court's denial of the motion for acquittal does not represent a miscarriage of justice. There was sufficient evidence Head made two materially false statements to the SBA to obtain a loan, although either false statement alone would be sufficient to convict under 18 U.S.C. § 1001. In obtaining the loan, Head stated the damaged house would be his primary residence, but the evidence indicated he never lived at that residence; he informed his neighbor the home was not his primary residence; he purchased another residence for himself before he received the first SBA loan payment; his business associate, Van Houten, stated he understood Head purchased the property as a rental unit; and a document drafted by Head's attorney stated Head "had moved onto the property for purposes of set-up and resale."
 
 
 11
 Head had also informed the SBA that a wind and rain storm damaged the structure, when the evidence indicated this was not true. The house was supported on cribbing several feet in the air while a foundation was being constructed. A few minutes prior to the collapse, a backhoe tapped the cribbing support. Two witness working at the site testified there was no mud or landslide and no wind at that time, and the cribbing collapsed on the side away from the hill and the supposed slide area. In addition, Head failed to inform the SBA investigator that any work was being done underneath the structure at the time of the collapse. The evidence was sufficient to support the jury's conclusion Head's material statements to the SBA were false in violation of 18 U.S.C. § 1001.
 
 
 12
 There was also sufficient evidence to sustain the conviction for fraudulent conversion of collateral pledged to the SBA in violation of 15 U.S.C. § 645(c). Paragraph 3B of the SBA loan agreement plainly states that Head would not "sell or transfer" the property on which the loan was obtained "without the prior written consent of the SBA." Nonetheless, it was undisputed at trial Head sold that property to Brenna Lowe on November 21, 1988 and failed to notify the SBA. There was also substantial evidence Head deliberately misappropriated funds given him by the SBA for use in the structure, which would have reduced the value of the collateral property. Ultimately, Head defaulted on loan payments after he reobtained the house due to foreclosure actions against Lowe.
 
 
 13
 Considering the false statements Head made to obtain the loan, his misappropriation of loan funds to benefit other property he owned, and his sale of the home without SBA knowledge or approval, the district court's denial of the Rule 29 motion does not represent a miscarriage of justice.
 
 III
 CROSS-EXAMINATION
 
 14
 Head argues the district court erred by granting the government's motion in limine to restrict his cross-examination of two witnesses concerning civil litigation which had occurred between them. We review for abuse of discretion the district court's decision to limit the scope and extent of cross-examination. United States v. Dischner, 974 F.2d 1502, 1514 n. 12 (9th Cir.1992), cert. denied, 113 S.Ct. 1290 (1993).
 
 
 15
 Our review of the record indicates appellant had more than ample opportunity to cross-examine each of the witnesses regarding their possible bias towards him as a result of other litigation. "Generally, once cross-examination reveals sufficient information with which to appraise a witness's possible bias and motives, confrontation demands have been satisfied." United States v. Bonanno, 852 F.2d 434, 439 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989). See also United States v. Lopez-Alvarez, 970 F.2d 583, 587 (9th Cir.), cert. denied, 113 S.Ct. 504 (1992).
 
 
 16
 Appellant's cross-examination of Donovan Lowe revealed that Lowe's wife had filed a lawsuit against Head concerning the house she had purchased from him. The Lowes' dissatisfaction with the house and their dealings with Head were discussed in depth. At one point Lowe stated he advised his wife to cease making payments on the home "because she had been lied to and misled from the inception." Lowe also stated that they were so unhappy with the home they had purchased from Head that they filed suit and registered a complaint with the SBA. The district court excluded only the result of the civil litigation, refusing to permit appellant's counsel to question Lowe regarding the damages he had received as a result of the lawsuit. Appellant argues the result of the civil suit, in which the Lowes did not receive the damages they sought, was relevant because it increased the likelihood of the witness's antagonism and bias toward Head. The introduction of this extra fact would have been cumulative. The fact there was a lawsuit in addition to a description of the acrimonious relationship between Head and the Lowe's was more than sufficient to alert the jury of the witness's probable bias.
 
 
 17
 Likewise, appellant had ample opportunity to explore the bias of Van Houten regarding business dealings with Head and a civil suit in the Philippines between the parties. Van Houten admitted to a substantial disagreement with appellant about a $250,000 note on which Van Houten had stopped making payments. Appellant failed during cross-examination to question Van Houten in detail about the existence of other litigation between the parties concerning Van Houten's alleged misappropriation of Head's funds, although counsel did discuss this issue generally with that witness. The jury had enough information to assess Van Houten's possible biases and the introduction of the results of civil litigation would have been cumulative.
 
 
 18
 The jury's perception of the witnesses' credibility would not have been significantly altered by the introduction of the additional testimony. Lopez-Alvarez, 970 F.2d at 587. As the jury had sufficient evidence to assess each witness's possible bias, the district court did not abuse its discretion in excluding cross-examination regarding the results of other litigation between the parties, because that evidence was cumulative, possibly confusing, and its prejudicial effect outweighed its probative value.
 
 IV
 ACCEPTANCE OF RESPONSIBILITY
 
 19
 Head finally maintains the district court erroneously denied the two level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 (Nov. 1991). We review this essentially factual determination for clear error, United States v. Martinez-Gonzales, 962 F.2d 874, 878 (9th Cir.1992), and the sentencing judge's determination is entitled to "great deference." Id.; U.S.S.G. § 3E1.1, comment. (n. 5).
 
 
 20
 The district court did not err in denying the two level reduction. During the presentence interview, appellant continued to maintain his innocence on two of the counts, and stated the other two convictions were for "technical" violations. Voluntary and truthful admissions to authorities regarding culpability can be considered in determining the applicability of the reduction. U.S.S.G. § 3E1.1, comment. (n. 1 (c)). The court found appellant did not really understand "that the kind of cheating he was involved in is not only illegal, but is wrong." Head did not express any remorse or acceptance of responsibility until the sentencing hearing. The court determined such remorse was expressed "too late." The court may consider the timeliness of a defendant's acceptance of responsibility in determining whether to grant the reduction. U.S.S.G. § 3E1.1, comment (n. 1(g)).
 
 
 21
 The district court's determination Head did not fully accept responsibility for his actions in a timely fashion was not clearly erroneous.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Appellant does not argue, and thus we do not address, the issue of whether the evidence of other fraudulent acts by appellant were properly admitted under Fed.R.Evid. 404(b). We merely conclude the introduction of other acts did not impermissibly broaden the scope of the indictment