996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen E. COOK, Defendant-Appellant.
 No. 92-30499.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1993.*
Decided June 16, 1993.
 
 Before: BRUNETTI, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Stephen E. Cook pleaded guilty to the sale of wildlife unlawfully taken, possessed, transported or sold in violation of the Lacey Act, 16 U.S.C. 3372(a) and 3373(d)(1)(B). The district judge sentenced him to a 366-day term of imprisonment, a one-year term of supervised release, and a $2,950 fine. The district court had jurisdiction pursuant to 18 U.S.C. 3231, and we have jurisdiction pursuant to 18 U.S.C. 3742(a).
 
 
 3
 Appellant appeals his sentence on two grounds: 1) that the district court erred when it increased Cook's offense level by two points under U.S.S.G. § 3C1.1 for obstruction of justice; and, 2) that the district court erred when it declined to reduce Cook's offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility.
 
 
 4
 * OBSTRUCTION OF JUSTICE
 
 
 5
 Appellant claims that the district court erred when it increased Cook's offense level by two points under U.S.S.G. § 3C1.1 for obstruction of justice. The district court's finding that Cook obstructed justice is a factual conclusion that this court reviews for clear error. United States v. Pascucci, 943 F.2d 1032, 1087 (9th Cir.1991).
 
 
 6
 Appellant claims that the district court erred in its application of U.S.S.G. § 3C1.1 because Cook's contacts with his codefendant, Samuel Dimmick, were "always of a friendly nature." The Guidelines mandate a two-level upward adjustment in a defendant's base offense level "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense...." Appellant relies on U.S.S.G. § 3C1.1, Application Note 3(a) to argue that the district court erred. Application Note 3(a) provides:
 
 
 7
 The following is a non-exhaustive list of examples of the types of conduct to which this enhancement applies: (a) threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so....
 
 
 8
 U.S.S.G. § 3C1.1, comment. (n. 3(a)). Appellant argues that because Dimmick testified that he was never threatened or felt intimidated by Cook, the district court erred in applying U.S.S.G. § 3C1.1.
 
 
 9
 U.S.S.G. § 3C1.1, Application Note 3(b) states that an example of conduct to which the enhancement for obstruction of justice applies is, "committing, suborning, or attempting to suborn perjury." U.S.S.G. § 3C1.1 comment. (n. 3(b)). We have upheld a district court's application of U.S.S.G. § 3C1.1 when the defendant was not accused of threatening or intimidating the witness. In United States v. Atkinson, 966 F.2d 1270, 1276 (9th Cir.1992), cert. denied, 113 S.Ct. 1644 (1993), we held the district court did not err by increasing the defendant's offense level by two levels where the defendant "contacted [the witness] several weeks after the hunt and told him not to speak with the police about his trip to Montana." Thus, simply contacting a witness and asking him not to cooperate with the authorities will suffice as conduct for which the district court may invoke U.S.S.G. § 3C1.1.
 
 
 10
 In the instant case, Dimmick testified that Cook asked him to minimize Cook's involvement in the offenses and to not cooperate with authorities. He testified that Cook told him "[t]o just tell [the authorities] that [Cook] was a standby person." Dimmick testified that he told the probation officer that "Cook doesn't want nothing to do with this case and he said for me to--not to cooperate, 'Don't say anything to anybody.' " The probation officer also testified that Dimmick had told him he was afraid to testify against Cook because Cook had threatened to get Tommy Vigue, Cook's friend, to hurt Dimmick. Moreover, Robert Standish, a special agent with the U.S. Fish and Wildlife Service, testified that Dimmick told him that "[Dimmick] was afraid to testify because ... he thought bodily harm would ... be done after he got out of prison by some friends of Mr. Cook's." Thus, there was ample evidence for the district court to conclude that Appellant had attempted to obstruct justice. The district court's finding that Cook attempted to obstruct justice is not clearly erroneous.
 
 II
 ACCEPTANCE OF RESPONSIBILITY
 
 11
 Appellant also claims that the district court erred when it declined to reduce Cook's offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. The conclusion that a defendant did not accept responsibility for his crime is a factual determination which we review for clear error. United States v. Martinez-Gonzalez, 962 F.2d 874, 878 (9th Cir.1992).
 
 
 12
 The Guidelines permit the district court to reduce a defendant's offense level by two levels if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1. Section 3E1.1, Application Note 5 states that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility" and thus "the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, comment. (n. 5).
 
 
 13
 Appellant argues that because he pleaded guilty, the district court erred when it refused to decrease the offense level for acceptance of responsibility. The Guidelines provide, however, that "[a] defendant who enters a guilty plea is not entitled to a sentencing reduction under [U.S.S.G. § 3E1.1] as a matter of right." U.S.S.G. § 3E1.1(c). Thus, the fact that Cook pleaded guilty does not entitle him to a sentencing reduction.
 
 
 14
 The presentence report prepared by the probation office recommended that the district court not award Cook a reduction in his offense level for acceptance of responsibility. The report stated that during Cook's presentence interview, "Cook downplayed his part, minimizing his actions as 'just going along with the federal agents.' " The report stated that Cook said "he was sorry he was caught, but not that his actions were illegal." There was sufficient evidence for the district court to conclude that Appellant did not accept responsibility for the crime.
 
 
 15
 Appellant next points to the statements he made at his allocution as evidence of his acceptance of responsibility. However, the district court was "free to discount [Appellant's] belated expression of remorse and repentance" made at his allocution. United States v. Restrepo, 930 F.2d 705, 710 (9th Cir.1991). The district court's determination that Cook's actions did not demonstrate acceptance of responsibility is not clearly erroneous. Accordingly, Appellant's sentence is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3