2 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Steven WINKLER, Defendant-Appellant.
 No. 92-30464.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 7, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Steven Winkler appeals his 66-month sentence following entry of guilty pleas for possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1), (b)(1)(D), being a felon in possession of firearms in violation of 18 U.S.C. Sec. 922(g)(1), and currency structuring in violation of 31 U.S.C. Sec. 5324(a)(3). Winkler contends the district court erred by adjusting his offense level under U.S.S.G. Sec. 2K2.1(b)(5) because there was insufficient evidence that he possessed a firearm in connection with another felony offense. Alternatively, he contends the court improperly relied on hearsay evidence at sentencing. We have jurisdiction 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo the district court's application of the Guidelines. United States v. Madera-Gallegos, 945 F.2d 264, 266 (9th Cir.1991). We review for clear error the district court's underlying factual findings. Id. Because Winkler did not challenge the admission of hearsay evidence before the district court, we review for plain error the court's evaluation of its reliability. United States v. Martinez-Gonzalez, 962 F.2d 874, 877 (9th Cir.1992).
 
 
 4
 Here, law enforcement officers arrested Winkler at home and found eight pounds of marijuana concealed within two suitcases which were located near the front door. Officers also found a 9 millimeter pistol and ammunition on the floorboard of Winkler's pickup truck, which was parked outside the house.
 
 
 5
 At sentencing, Special Agent Steve Edward Studhalter testified that: the marijuana found in the suitcases was packaged in a manner commonly used to transport marijuana; traces of marijuana and papers containing notations and figures consistent with a drug ledger were found in the truck; two confidential informants stated that Winkler transported marijuana in pickup trucks and possessed weapons in connection with drug trafficking; and police officers observed Winkler using numerous pickup trucks. Winkler's mother and nephew testified that the pistol found in the truck was not owned or placed in the truck by Winkler. Winkler did not contest the fact that he knew the pistol was in the truck. Although the district court believed the testimony of Winkler's mother and nephew, it found that Winkler possessed the pistol knowing that it would be used or possessed in connection with distributing the marijuana.
 
 
 6
 * Section 2K2.1(b)(5)
 
 
 7
 Winkler contends that there was insufficient evidence to warrant application of section 2K2.1(b)(5) because the government did not establish that his possession of the firearm was related to his drug trafficking offense. This contention lacks merit.
 
 
 8
 Section 2K2.1(b)(5) provides for a four-level adjustment of a defendant's base offense level if he possessed a firearm "with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. Sec. 2K2.1(b)(5) accord United States v. Shackley, No. 92-10490, slip op. 5869, 5876 (9th Cir. June 9, 1993). The government must prove factors enhancing a sentence by a preponderance of the evidence. United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc).
 
 
 9
 Here, Winkler admitted that he intended to distribute the marijuana found in his house. He also conceded that he possessed the 9 millimeter pistol and ammunition found on the floorboard of the truck parked outside the house. The government presented evidence that Winkler intended to transport the marijuana in the truck. Accordingly, there was sufficient evidence that Winkler's possession of the pistol was related to his drug trafficking offense. Cf. United States v. Stewart, 926 F.2d 899, 902 (9th Cir.1991) (defendant's possession of a 9 mm. machine gun connected to his drug trafficking activities, although gun located fifteen miles away from site of drug transaction). The district court properly applied section 2K2.1(b)(5). See U.S.S.G. Sec. 2K2.1(b)(5); Shackley, No. 92-10490, slip op. at 5876.
 
 II
 Hearsay Statements
 
 10
 Winkler also contends that the district court erred by relying on hearsay statements of confidential informants. This contention lacks merit.
 
 
 11
 A sentencing court may consider hearsay evidence provided that it bears "some minimal indicia of reliability." United States v. Petty, 982 F.2d 1365, 1369 (9th Cir.), amended on other grounds, 1993 WL 147738 (9th Cir. May 11, 1993). Extrinsic corroborating evidence may be used to establish the reliability of hearsay at sentencing. Id.
 
 
 12
 Here, the confidential informants' hearsay statements that Winkler transported marijuana in pickup trucks were corroborated by evidence that a pickup truck containing traces of marijuana and papers with notations and figures consistent with a drug ledger was parked outside Winkler's house. Additionally, law enforcement officers observed Winkler using numerous pickup trucks. The confidential informants' statements that Winkler possessed guns in connection with his drug trafficking activities were corroborated by evidence that officers found three rifles in the bedroom of his house and a pistol in his truck. Accordingly, the district court's reliance on the confidential informants' hearsay statements was not plain error. See Martinez-Gonzalez, 962 F.2d at 877; see also Petty, 982 F.2d at 1369.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3