999 F.2d 546
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lucio VILLANUEVA-HERNANDEZ, Defendant-Appellant.
 Nos. 92-10591, 92-10630.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 13, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Lucio Villanueva-Hernandez appeals his twelve-month sentence imposed following conviction after a jury trial for transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(B). Villanueva-Hernandez argues the district court improperly relied on his prior border patrol "stops" involving undocumented aliens as a basis for an upward departure because no "stop" resulted in criminal proceedings. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 We consider the following three-prong test in evaluating a district court's decision to depart upward from the applicable Guidelines range: (1) we review de novo whether the district court identified an aggravating circumstance of a kind or degree not adequately taken into account by the Sentencing Commission; (2) we review for clear error the district court's factual findings supporting the existence of the aggravating circumstance; and (3) we review for abuse of discretion whether the extent of the departure was reasonable. United States v. Durham, No. 92-30080, slip op. 6147, 6150 (9th Cir. June 15, 1993); United States v. Streit, 962 F.2d 894, 901-02 (9th Cir.), cert. denied, 113 S.Ct. 431 (1992).
 
 
 4
 The district court may depart upward from the applicable Guidelines range "[i]f reliable information indicates that the criminal history category does not reflect the seriousness of the defendant's past criminal conduct." U.S.S.G. § 4A1.3, p.s.; Durham, slip. op. at 6151. " 'Prior similar adult criminal conduct not resulting in a criminal conviction' may be considered for the purpose of upward departure if such category underrepresents past criminal conduct." United States v. Martinez-Gonzalez, 962 F.2d 874, 877 (9th Cir.1992) (quoting U.S.S.G. § 4A1.3(e)).
 
 
 5
 Here, the presentence report (PSR) contained a recommendation that the district court consider an upward departure because border patrol agents apprehended Villanueva-Hernandez on fifteen prior occasions for transporting a total of fifty-seven undocumented aliens in his taxi. At sentencing, the district court adopted the factual findings of the PSR, departed upward two months from the applicable Guidelines range and imposed a twelve-month sentence. There is no error.
 
 
 6
 The Guidelines allow the district court to consider an upward departure in these circumstances. See U.S.S.G. § 4A1.3(e); see also Durham, slip op. at 6152 (holding that upward departure under section 4A1.3 was justified based upon prior criminal conduct which substantially differed from resulting prior convictions). Villanueva-Hernandez neither disputed the factual circumstances on which the district court based its decision to depart nor objected to the PSR's account of his criminal history, which the court adopted. Because the PSR provided facts showing Villanueva-Hernandez's prior border patrol "stops" involved undocumented aliens, the court found by at least a preponderance of evidence that the prior conduct was criminal. See United States v. Navarro, 979 F.2d 786, 789 (9th Cir.1992). Therefore, the court's factual findings were not clearly erroneous. See Streit, 962 F.2d at 905.
 
 
 7
 Villanueva-Hernandez does not challenge the extent of the two-month upward departure, and we discern no reversible error. See, e.g., Martinez-Gonzalez, 962 F.2d at 876.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We grant appellant's motion to file a late reply brief