33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee,
v.
Francisco Javier MARMOLEJO-QUIROZ, aka Pancho aka Juan
Meza-amado aka Luis Enrique Campillo, Defendant-Appellant.
 No. 93-10607.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided Aug. 24, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Francisco Javier Marmolejo-Quiroz appeals his 24-month sentence imposed following his conviction for illegal reentry after deportation, in violation of 8 U.S.C. Sec. 1326. He contends that the district court erred by departing upward from the United States Sentencing Guidelines range because (1) he did not receive sufficient notice that the district court was considering departure, (2) departure was not warranted, and (3) the degree of departure was unreasonable. We vacate the sentence and remand for resentencing.
 
 
 3
 Marmolejo-Quiroz contends that the district court erred by departing upward because (1) his criminal history category did not significantly underrepresent the seriousness of his criminal history, and (2) contrary to the district court's finding, he did not provide false names upon arrest. These contentions lack merit.
 
 
 4
 The district court "may impose a sentence outside the range established by the applicable guideline, if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines....' " U.S.S.G. Sec. 5K2.0 (quoting 18 U.S.C. Sec. 3553(b)).
 
 
 5
 Specifically, the district court may depart upward "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. Sec. 4A1.3. The district court may consider "prior sentence(s) not used in computing the criminal history category" and "prior similar adult criminal conduct not resulting in a criminal conviction." U.S.S.G. Sec. 4A1.3(a), (e). "[A] prior arrest record itself shall not be considered...." U.S.S.G. Sec. 4A1.3. The use of aliases during prior arrests, however, may be considered. United States v. Cruz-Ventura, 979 F.2d 146, 150 (9th Cir.1992); United States v. Martinez-Gonzalez, 962 F.2d 874, 877 (9th Cir.1992).
 
 
 6
 The district court also may depart upward on the basis that the defendant lied to the court. United States v. Hernandez-Vasquez, 884 F.2d 1314, 1316 (9th Cir.1989) (per curiam).
 
 
 7
 Here, Marmolejo-Quiroz was placed in criminal history category III on the basis of the following prior convictions: illegal entry in 1983, illegal reentry after deportation in 1984, and misconduct involving weapons in 1986. The criminal history score was not based upon the following additional circumstances: Marmolejo-Quiroz used false names during all three of the above proceedings; he also was convicted for illegal entry in 1981 under a false name; in 1990 he was arrested by the border patrol under a false name; in 1993 he was arrested on drug charges under a false name; and he had been deported four times under four different aliases.
 
 
 8
 This additional prior conviction, see U.S.S.G. Sec. 4A1.3(a), and extensive prior use of aliases, see Cruz-Ventura, 979 F.2d at 150; Martinez-Gonzalez, 962 F.2d at 877, supported the district court's finding that Marmolejo-Quiroz's criminal history category underrepresented the seriousness of his criminal history. See U.S.S.G. Sec. 4A1.3.
 
 
 9
 The district court also found that Marmolejo-Quiroz "failed to correct the false impression leading to his arraignment under assumed or false names--which presumably were given to the government by the defendant at the time of his apprehension." Marmolejo-Quiroz states that in fact, the false names were used by the government and the DEA agent when they prepared the complaint and arrest warrant prior to having contact with the defendant. These documents were filed with the district court by the government on January 25, 1993. Marmolejo-Quiroz was not arrested on the complaint and warrant until January 27, 1993. Marmolejo-Quiroz also points out that at sentencing, counsel stated that he instructed Marmolejo-Quiroz to remain silent at his arraignment.
 
 
 10
 Nonetheless, the complaint alleges that Marmolejo-Quiroz gave a false name to his coconspirator. Marmolejo-Quiroz does not claim to have corrected the arresting agent's resulting false impression regarding his name at the time of his arrest. On this record, the district court's finding was not clearly erroneous. See Martinez-Gonzalez, 962 F.2d at 875.
 
 
 11
 However, Marmolejo-Quiroz also contends that the degree of departure was unreasonable because the district court did not use as a reference the Guideline range for a defendant with a higher criminal history category. This contention has merit.
 
 
 12
 In departing upward pursuant to U.S.S.G. Sec. 4A1.3, the district court should "use, as a reference, the guideline range for a defendant with a higher ... criminal history category." U.S.S.G. Sec. 4A1.3; see also Cruz-Ventura, 979 F.2d at 150-51 (district court must explain extent of upward departure by analogy to Guidelines).
 
 
 13
 Here, the district court did not analogize to any Guidelines in departing upward. For a defendant at offense level six, the range for the highest criminal history category is twelve to eighteen months imprisonment. U.S.S.G. ch. 5 pt. A. The district court did not explain why it departed upward to twenty-four months. Accordingly, the sentence is vacated, and the case remanded for resentencing.[1]
 
 
 14
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we vacate the sentence and remand on the ground that the district court failed to explain the extent of its departure by analogy to the guidelines, we need not reach the claim that Marmolejo-Quiroz received insufficient notice that the district court was considering an upward departure for obstruction of justice