35 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Edward VERSEY, Defendants-Appellant.
 No. 93-50582.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 3, 1994.
Decided Sept. 7, 1994.
 
 1
 Before: D.W. NELSON and NOONAN, Circuit Judges, and KING*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Michael Edward Versey (Versey) appeals his sentence for bank robbery. We remand.
 
 
 4
 On April 30, 1991 Michael Versey was indicted on four counts of unarmed bank robbery, 18 U.S.C. Sec. 2113(a), and one count of armed bank robbery, 18 U.S.C. Sec. 2113(d). The government also accumulated evidence of six other bank robberies committed by Versey for which Versey was not charged.
 
 
 5
 Versey subsequently pleaded guilty to five counts of unarmed bank robbery. Under the terms of his plea agreement, Versey stipulated that
 
 
 6
 the Court may, in its discretion, consider the six additional robberies ... for the following sentencing purposes: to determine whether an upward departure is warranted or to determine whether [Versey] should be sentenced within the applicable guideline range. Mr. Versey, however, reserves his right to argue that the Court not consider the six additional robberies in determining the appropriate sentence.
 
 
 7
 In addition, the government reserved its right to argue that Versey's use of a knife in one of the bank robberies "may be considered by the Court in determining [Versey's] base offense level under the Sentencing Guidelines or in determining where [Versey] should be sentenced within the applicable guideline range." Id. at 2-3.
 
 
 8
 Versey's Presentencing Report (PSR) calculated the offense level at twenty-seven, the criminal history category at III, and the sentencing range at 87 to 108 months. PSR 12. The PSR's calculations included a three-level increase for brandishing a weapon. Id. at 8 (citing U.S.S.G. 2B3.1(b)(2)(C)). The government also asked for an upward departure based on Versey's six uncharged robberies. See U.S.S.G. 4A1.3.
 
 
 9
 After hearing testimony on Versey's alleged use of a knife as well as the uncharged robberies, the district court sentenced Versey to 130 months (analogous to an offense level of 30). The stated basis for the court's upward departure was (1) "that the multiple number of robberies is not something that has been considered by the [presentencing] report," and (2) "that [Versey] had a knife."
 
 
 10
 The Ninth Circuit vacated the sentence and remanded. This court held that the district court, pursuant to the plea agreement, properly considered Versey's six uncharged robberies. But consideration of the knife was improper: "Factors considered as enhancements by the Guidelines may not also serve as a basis for departure." Because the district court failed to specify whether upward departure was reasonable on the basis of the uncharged robberies alone, resentencing was required.
 
 
 11
 Prior to resentencing, a change in the Guidelines gave Versey an additional one-level reduction for acceptance of responsibility. U.S.S.G. Sec. 3E1.1(b). His base offense level was twenty-six. The district court once again sentenced Versey to 130 months, explaining the sentence as follows:
 
 
 12
 THE COURT: I believe the position of the government is well taken as to a two-level increase on the first two uncharged bank robberies and two levels on the four succeeding bank robberies.
 
 
 13
 And so the sentence of 130 months is now reaffirmed....
 
 
 14
 COUNSEL: I'm sorry?
 
 
 15
 THE COURT: I'm increasing two for [the] first two bank robberies, pursuant to Pierson (sic), and two for the next four bank robberies.
 
 
 16
 The man committed 11 bank robberies.
 
 
 17
 COUNSEL: The Court's increasing four levels, then?
 
 
 18
 THE COURT: Right. To 130 months.
 
 
 19
 COUNSEL: So that would be a level of 30.
 
 
 20
 THE COURT: Yes.
 
 
 21
 Versey filed a timely notice of appeal. This court's jurisdiction is based on 28 U.S.C. Sec. 1291.
 
 
 22
 Versey contends that the sentencing court (1) improperly analogized to circuit law in departing upward, and (2) failed to specify the grounds for departure.
 
 
 23
 Versey stipulated that the district court might consider his six uncharged bank robberies at sentencing. In addition, on the previous appeal this court held that "the six uncharged robberies were relevant conduct, and the district court properly relied on the conduct in departing upward." Consequently, we evaluate only whether the extent of upward departure was " 'unreasonable' within the meaning of 18 U.S.C. Sec. 3742(e)(3) and (f)(2)." United States v. Lira-Barraza, 941 F.2d 745, 747 (9th Cir.1991) (en banc). The appellate court's review is for an abuse of discretion. United States v. Martinez-Gonzalez, 962 F.2d 874, 875 (9th Cir.1992).
 
 
 24
 "[D]eparture sentences are to be determined in light of the structure, standards and policies of the [Sentencing Reform] Act and the Guidelines." Lira-Barraza, 941 F.2d at 751. In explaining extent of departure, "the court may draw analogies to other parts of the guidelines or other offenses." United States v. Reyes, 8 F.3d 1379, 1388 (9th Cir.1993). Here, the district court justified its upward departure by analogy to United States v. Pearson, 911 F.2d 186 (9th Cir.1990). The district court's explanation was adequate, if Pearson were properly applied. However, Pearson noted that according to the Introductory Commentary to the Guidelines, ch. 3, Part D, "additional punishment declines as the number of additional offenses increases." The sixth robbery was already counted in setting Versey's offense level. Pearson, 911 F.2d at 190, n. 3. The seventh and eighth robberies could appropriately add one level. See Pearson, 911 F.2d at 190, n. 4. The ninth, tenth, and eleventh robberies add only one more level if the principle of declining marginal punishment, embodied in the Guidelines, is accepted. The offense level then would be 28, as the government recommended to the court.
 
 
 25
 REMANDED for proceedings in accordance with this opinion.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3