**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Adam Daniel MATWYUK,
Defendant–Appellant.**

No. 03–50288.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2004.*

Decided May 14, 2004.

U.S. Attorney, David M. Orland, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Marc B. Geller, Esq., San Diego, CA, for Defendant–Appellant.

Before: CANBY, KOZINSKI and PAEZ, Circuit Judges.

MEMORANDUM **

Adam Daniel Matwyuk appeals the 60–month sentence imposed following his guilty-plea conviction for importation of marijuana in violation of 21 U.S.C. §§ 952

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**170**

and 960. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we vacate and remand.

Matwyuk contends that the district court erred by failing to adequately state its reasons for imposing a sentence at the top of the guideline range as required by 18 U.S.C. § 3553(c)(1). We disagree. "Section 3553(c)(1) only requires the court to state its reasons for imposing a sentence at a particular point within the applicable range if that *range* exceeds 24 months." *United States v. Martinez-Gonzalez,* 962 F.2d 874, 879 (9th Cir.1992) (emphasis added). Because Matwyuk was sentenced under a guideline range that spanned only 12 months, the district court did not err. *See id.*

Matwyuk also contends that the district court erred by failing to consider a two-level downward departure for his "fast-track" plea under U.S.S.G. § 5K2.0. We review de novo a district court's determination that it lacked discretion to depart from the Sentencing Guidelines. *See United States v. Rodriguez-Lopez,* 198 F.3d 773, 775 (9th Cir.1999). Because it has discretion to depart on any basis not expressly foreclosed by the Guidelines, the district court's conclusion that it lacked the legal authority to depart for "fast-track" was erroneous. *See id.* at 776–78. Accordingly, we vacate Matwyuk's sentence and remand so that the district court may determine whether the specific facts and circumstances of this case warrant a downward departure. *See id.* at 778.

VACATED and REMANDED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.