UNITED STATES of America, Plaintiff—Appellee,

v.

Michael LIRA, Defendant—Appellant.

No. 07–30146.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 24, 2008.

James E. Seykora, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Robert Kelleher, Esq., Kelleher Law Office, Billings, MT, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Michael Lira appeals from the 96–month sentence imposed following his guilty-plea conviction for being a person under indictment in possession of a firearm, in violation of 18 U.S.C. § 922(n). We have juris-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

diction pursuant to 28 U.S.C. § 1291, and we affirm.

Lira contends that the district court erred by failing to adequately state its reasons for imposing a sentence at the top of the guideline range as required by 18 U.S.C. § 3553(c)(1). We disagree. "Section 3553(c)(1) only requires the court to state its reasons for imposing a sentence at a particular point within the applicable range if that range *exceeds* 24 months." *United States v. Martinez–Gonzalez,* 962 F.2d 874, 879 (9th Cir.1992) (emphasis added). Because the recommended range in this case spanned only 19 months, the district court did not err.

Lira contends that the district court failed to comply with 18 U.S.C. § 3553(c), which requires the court to state its reasons for imposing a particular sentence. Because Lira did not object to the court's statement of reasons, this contention is reviewed for plain error. *See United States v. Miqbel,* 444 F.3d 1173, 1176 (9th Cir.2006). Lira has not carried his burden of persuasion with respect to prejudice, and therefore his contention fails. *See United States v. Olano,* 507 U.S. 725, 732–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.