**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joel Dean BENNETT, Defendant–Appellant.**

**No. 89–30130.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 1990.*

Decided April 11, 1990.

---

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Ronald H. Hoevet, Hoevet, Snyder, Neuberger & Miller, Portland, Oregon, for defendant-appellant.

Baron C. Sheldahl, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before WRIGHT, TANG and CANBY, Circuit Judges.

CANBY, Circuit Judge:

Joel Dean Bennett appeals the sentence he received following conviction on a drug offense. The sentence represented an upward departure from the guidelines recommendation, which the district court considered justified by the large quantity of drugs involved in Bennett's offense. Bennett contends that such a departure is impermissible, and that the sentence is, in any event, unreasonable. We affirm.

## FACTS

A grand jury indicted Bennett on one count of using a telephone to facilitate distribution of cocaine, in violation of 21 U.S.C. § 843(b), and one count of attempting to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Bennett pled guilty to the first count, and the government withdrew the second. Under the Sentencing Guidelines, Bennett's offense level was 11 and his criminal history category was I; the resulting recommended sentence range was 8–14 months. The prosecution requested that the court depart upward.

At the sentencing hearing, the judge cited evidence in the presentence report that Bennett had committed the offense while trying to purchase 3 kilograms of cocaine. Relying on *United States v. Correa–Vargas*, 860 F.2d 35 (2d Cir.1988), the judge departed from the guidelines recommendation due to the large quantity of cocaine involved. He sentenced Bennett to 24 months in confinement, to be followed by one year of supervised release.

## ANALYSIS

 We review the district court's decision to depart by deciding, first, whether the guidelines permit a departure on the ground cited by the sentencing judge, and then, if necessary, whether the sentence imposed by the judge was reasonable. *United States v. Michel,* 876 F.2d 784, 786 (9th Cir.1989). We find the departure to have been permissible and the sentence reasonable. We therefore affirm.

■ The guidelines permitted the district court to depart if it found in Bennett's offense "an aggravating ... circumstance of a kind or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). The judge considered 3 kilos to be an exceptional quantity, substantially larger than what the Commission is likely to have had in mind when setting the score for Bennett's offense. This circumstance justified moving outside the recommended range.

Bennett argues that the Commission must have considered and rejected the option of correlating the penalty for Bennett's offense to the quantity of drugs involved. The scores for many drug law violations, he points out, are keyed to quantity, while that for violating § 843(b) is not. *Compare* U.S.S.G. § 2D1.1 *with* § 2D1.6. The Commission itself, however, has undermined the force of Bennett's argument. One of its policy statements cautions that the Commission's failure to include a sentencing factor in the guideline for one offense, while including it in the guidelines for others, does not indicate that that factor may not be a ground for departure from the former. *See* U.S.S.G. § 5K2.0.

Furthermore, departures such as that which occurred in this case do not, in effect, produce a quantity-calibrated offense level scale where the Commission has chosen not to establish one. The departure here was based on the unusually large quantity of cocaine Bennett was attempting to purchase. It is only because a certain threshold had been crossed that the district court's departure from the guidelines was permissible.

■ We determine reasonableness of the departure in light of the substantial discretion allowed the sentencing court. *United States v. Lira–Barraza,* 897 F.2d 981, 986 (9th Cir.1990) Bennett's sentence of 24 months was an increase of 10 months over the upper limit of the guideline range, and represents an enhancement of about two-thirds. We consider this reasonable in light of the amount of cocaine involved, and the probability of anticipated resale that that amount implies. The sentence is still only half the maximum statutory penalty. Moreover, the record shows that the judge took into account Bennett's cooperation with the government and his enrollment in a drug rehabilitation program.

AFFIRMED.