946 F.2d 100
 UNITED STATES of America, Plaintiff-Appellee,
v.
Claudio Roger MARTINEZ; Flor Mary Restrepo; Olga Naranjo
Garcia; Luz Marina Restrepo; Juan Casanova; Carlos
Alberto Montoya; Janeth Naranjo Garcia; Faber Antonio
Restrepo; and Luis Fernando Monsalve, Defendants-Appellants.
 Nos. 89-50529, 89-50535 to 89-50538 and 89-50540 to 89-50543.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 2, 1991.
Decided Oct. 1, 1991.
 
 Herbert Weit, Michael D. Abzug, Los Angeles, Cal., Scott S. Furstman, Jerald W. Newton, Santa Monica, Cal., for defendants-appellants.
 Sean Connelly, Asst. U.S. Atty., Washington, D.C., for plaintiff-appellee.
 Before BOOCHEVER, KOZINSKI and O'SCANNLAIN, Circuit Judges.
 BOOCHEVER, Circuit Judge:
 
 
 1
 Claudio Roger Martinez, Flor Mary Restrepo, Olga Naranjo Garcia, Luz Marina Restrepo, Juan Casanova, Carlos Alberto Montoya, Janeth Naranjo Garcia, Faber Antonio Restrepo, and Luis Fernando Monsalve appeal their sentences[1] resulting from their convictions of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and possession with intent to distribute 430 kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). All appellants except for Martinez, Casanova, and Monsalve were convicted of possession with intent to distribute an additional 100 kilograms of cocaine. Flor Restrepo was convicted of using a minor to assist in the commission of drug offenses in violation of 21 U.S.C. § 845(b). Various offense levels were calculated for their convictions, and all were subjected to upward departures resulting in sentences outside of the applicable guideline range. The basis for the departures is at issue here. Specifically, appellants challenge as erroneous the propriety of an upward departure based on the large quantity of drugs involved. We agree, and consequently we vacate their sentences and remand for resentencing.
 
 DISCUSSION
 
 2
 Appellants challenge the district court's failure to explain its reasons for departing upward in their sentences. They also assert that the only possible ground for the departure was the large quantity of cocaine involved in the offenses, 530 kilograms, a ground they claim is impermissible. The government concedes that the court should have stated its reasons and therefore does not oppose a limited remand. We go a step further, however, because the district court's statement during sentencing that "[w]e didn't have 500 kilo cases" in response to an argument against departing upward, Reporter's Transcript 49, coupled with the presentence reports which the government claims put appellants on notice as to possible departures based on drug quantity, strongly suggest that the departures were based in part, at least, on the large quantity of cocaine involved, a basis we find impermissible under the Sentencing Guidelines in effect at the time of sentencing. We, therefore, find it necessary to vacate the sentences and remand for resentencing.
 
 
 3
 The Drug Quantity Table in the Sentencing Guidelines in effect at the time of these sentences provided that all offenses involving more than 50 kilograms of cocaine were assigned a base offense level of 36, United States Sentencing Commission, Guidelines Manual, App. C.61 (Nov. 1, 1989) (citing former U.S.S.G. § 2D1.1). The guidelines have since been amended so that larger quantities are assigned higher levels. U.S.S.G. § 2D1.1 (Nov. 1, 1990).
 
 
 4
 The most relevant Ninth Circuit case discussing the issue of whether an upward departure can be based on the quantity of drugs is United States v. Bennett, 900 F.2d 204 (9th Cir.1990). Bennett pled guilty to using a communication facility in committing a drug offense. The guidelines in effect then provided for a base offense level of twelve. U.S.S.G. App. C.173 (Nov. 1, 1990). We affirmed an upward departure due to the large quantity of cocaine involved. Bennett, 900 F.2d at 205. We reasoned that "[t]he judge considered 3 kilos to be an exceptional quantity, substantially larger than what the Commission is likely to have had in mind when setting the score for Bennett's offense." Id. at 206. Although at first glance Bennett appears to compel a contrary result from the one we reach today, Bennett's distinguishing feature is determinative.
 
 
 5
 We noted in Bennett that "[t]he guidelines permitted the district court to depart if it found in [the] offense 'an aggravating ... circumstance of a kind or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.' " Id. (quoting 18 U.S.C. § 3553(b)). The guidelines then in effect did not comment on the quantity of drugs involved in Bennett's crime, the use of a communication facility in committing drug offenses.[2] The quantity, not being considered by the guidelines, was thus a proper basis for departure. In contrast, quantity was (and continues to be) a determinative factor for setting base offense levels for drug offenses such as those involved here as is obvious from the presence of a "Drug Quantity Table" in the guideline. See U.S.S.G. 2D1.1 (Nov. 1, 1990).
 
 
 6
 Moreover, the guideline in effect at the time of appellants' sentencing stated that the base offense level was 36 for "50 KG Cocaine or equivalent ... (or more of any of the above)". U.S.S.G. App. C.61 (Nov. 1, 1989) (citing former U.S.S.G. § 2D1.1). The phrase "or more of any of the above" indicates that the Sentencing Commission did consider the circumstance of higher quantities of cocaine and concluded that the level was to be the same regardless of how much more than fifty kilograms of cocaine was involved.
 
 
 7
 Because the language of the guidelines is clear in specifying the offense level for crimes involving more than fifty kilograms, we need not look to other aids in interpreting the provision. In any event, the fact that the guidelines were subsequently amended to provide for higher offense levels based on larger quantities does not affect our analysis. A subsequent amendment may be entitled to substantial weight in construing earlier law when it plainly serves to clarify rather than change the existing law. See In re Adams, 761 F.2d 1422, 1426-27 (9th Cir.1985); Chugach Natives, Inc. v. Doyon, Ltd., 588 F.2d 723, 731 (9th Cir.1978). Here, however, where the circumstances surrounding the relevant guideline and its amendment fail to make clear that the amendment's purpose was merely to clarify rather than to alter pre-existing law, we will confer no weight on the subsequent amendment. Cf., e.g., Consumer Product Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 118 n. 13, 100 S.Ct. 2051, 2061 n. 13, 64 L.Ed.2d 766 (1980) ("[E]ven when it would otherwise be useful, subsequent legislative history will rarely override a reasonable interpretation of a statute that can be gleaned from its language and legislative history prior to its enactment."). This is especially so in the criminal law context where the rule of lenity requires that we infer the rationale most favorable to the appellants and construe the guidelines accordingly. See Bifulco v. United States, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980). For these reasons, we do not follow the contrary holding in United States v. Vasquez, 909 F.2d 235 (7th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 2826, 115 L.Ed.2d 996 (1991). Vasquez, moreover, fails to mention that the applicable guidelines specifically referred not only to the fifty kilograms quantity, but specified "or more of any of the above." It is the clear consideration of cases involving more than fifty kilograms that dictates our decision.
 
 
 8
 Thus, we find that to the extent the district court's upward departure was based on the large quantity of cocaine, it was impermissible and the sentences should be recalculated accordingly.[3]
 
 
 9
 SENTENCE VACATED AND REMANDED.
 
 
 
 [1]
 Appellants also appeal their convictions raising a myriad of issues. We address those issues in a separate unpublished disposition
 
 
 [2]
 Now the base offense level for use of a communication facility in committing drug offenses is "the offense level applicable to the underlying offense." U.S.S.G. § 2D1.6. The change was "designed to reduce unwarranted disparity by requiring consideration in the guideline of the amount of the controlled substance involved in the offense...." Id. at App. C.174 (Nov. 1, 1990)
 
 
 [3]
 Luis Monsalve also contests the denial of a two-point reduction for acceptance of responsibility. In the absence of a statement by the trial judge of the reason for denying such a reduction, we are unable to review Martinez' contention. Accordingly, on remand the court should also state its reasons for denying Luis a two-point reduction for acceptance of responsibility