**UNITED STATES of America, Plaintiff,**

v.

**Larry Earl EVANS, Defendant.**

**Crim. No. 91–63–RE.**

United States District Court,
D. Oregon.

Dec. 23, 1991.

Charles H. Turner, U.S. Atty., D. Oregon, Robert B. Ross, Asst. U.S. Atty., Portland, Or., for plaintiff U.S.

Steven T. Wax, Federal Public Defender, D. Oregon, Stephen R. Sady, Chief Deputy Defender, Portland, Or., for defendant Larry Earl Evans.

## ORDER

REDDEN, Chief Judge:

### BACKGROUND

Defendant initially filed a motion requesting that I reconsider the sentence I imposed on him because of new information from the Sentencing Commission that "the term 'crime of violence' does not include the offense of unlawful possession of a firearm by a felon." This clarification is contained in an amendment to Note 2 of the Commentary to U.S.S.G. § 4B1.2 that was approved by the Sentencing Commission on September 10, 1991. The effective date of the commentary was November 1, 1991.

In my opinion filed November 13, 1991, I found that under *United States v. O'Neal,* 910 F.2d 663, 667 (9th Cir.1990), the law in the Ninth Circuit is that a felon in possession of a firearm under 18 U.S.C. § 922(g) constitutes a crime of violence under the career offender provisions of the guidelines.

I also relied on the fact that defendant's motion was premature since the effective

date of the commentary was November 1, 1991 and I was deciding defendant's motion filed prior to that date. I invited the defendant to file a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) after November 1, 1991, provided that defendant could show that the Commission intended the change to apply retroactively.

## MOTION FOR REDUCTION OF SENTENCE

Defendant has now filed his motion for a reduction of sentence reiterating that the September 10, 1991 clarification of U.S.S.G. § 4A1.2 stated that the November 1989 definition of crime of violence did not include charges of felon in possession of a firearm. Defendant asserts that the Commission intended the clarification to be applied retroactively because the clarification that is effective November 1, 1991, is not a *change* in the guideline, but an explanation of prior law, specifically the guideline definition of "crime of violence" that had been in effect prior to and at the time of defendant's offense.

Defendant relies on *United States v. Martinez*, 946 F.2d 100 (9th Cir.1991), in which the court found that a material change in the Drug Quantity Table could be used if there was an intent to clarify rather than alter the guideline. *Martinez* held, "a subsequent amendment may be entitled to substantial weight in construing earlier law when it plainly serves to clarify rather than change existing law." *Id.* at 102.

Here, the intent to clarify is evident from the repeated use of the term "clarification" in the explanation of the commentary. Further, this is not an interpretation from a change in the guideline; rather the language at issue in the commentary explains the application of an existing guideline.

The government responds that § 3582(c)(2) allows a court to reduce a previously imposed sentence where the guidelines are later reduced and the Sentencing Commission, in its policy statements, indicates it intends the new guidelines to be applied retroactively. The government relies on U.S.S.G. § 1B1.10 which provides that retroactively applying a new lower

guideline is consistent with the policy only for an "amendment" specifically enumerated in § 1B1.10(d). Since that section does not include the changes regarding career offenders and the definition of "crime of violence," the government asserts that this court cannot use § 3582 and § 1B1.10 to apply the new commentary on "crimes of violence" to the defendant here.

I find that § 1B1.10 is not applicable to this case because it applies to *amendments* to guidelines ranges. The clarification at issue here is not an amendment to the guidelines. The guidelines on career offenders in effect at the time of defendant's offense remain intact. Unlike guideline amendments, clarification by Commentary is strictly a function of the Sentencing Commission with no power in the Congress to approve or disapprove of the clarification.

I hold that § 3582(c)(2) governs this situation as that section does not mention guideline amendments, but instead references "a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*),...." The language of § 994(*o*) pertains to the Commission's obligation to "review and revise."

Defendant's motion for reduction of sentence (filed November 18, 1991) is granted.

IT IS SO ORDERED.