978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vance LOCKWOOD, Defendant-Appellant.
 No. 92-10237.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 6, 1992.
 
 Before CHOY, NOONAN and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vance Lockwood appeals from his sentence under the Sentencing Guidelines following his guilty plea to a violation of 21 U.S.C. § 843(b) (unlawful use of a telephone to facilitate an attempt to possess cocaine). The District Court made an upward departure from the applicable sentencing guideline range because of the large amount of cocaine involved. Lockwood argues that this was an impermissible basis for an upward departure. He also contends that the departure was improper because the District Court erroneously considered the sentences received by his co-defendants, and because Lockwood's role in the drug transaction was "minimal." We find these arguments are without merit, and we affirm.
 
 
 3
 In a presentence report, the probation officer calculated the appropriate sentencing range as six to twelve months. The officer recommended an upward departure to forty-eight months (the maximum available) because the drug deal involved three kilograms of cocaine. After two sentencing hearings, the District Court imposed a thirty-six month sentence. The court stated that while the upward departure of forty-eight months recommended by the probation officer was warranted, Lockwood's willingness to testify merited a reduction to thirty-six months.
 
 
 4
 Under 18 U.S.C. § 3553, a departure from the Sentencing Guidelines is permissible only if the court finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." 18 U.S.C. § 3553(b) (Supp.1992). Our review of a departure from the Sentencing Guidelines is a three step process. The first step is to review de novo "whether the district court had legal authority to depart." United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc). The second step is to review the factual findings of the district court for clear error. Id. The final step is to determine whether the district court abused its discretion by imposing a departure unreasonable in extent. Id. at 747; United States v. Martinez-Gonzalez, 962 F.2d 874, 876 (9th Cir.1992) (applying abuse of discretion standard).
 
 
 5
 The District Court clearly had legal authority to make an upward departure based on the amount of cocaine involved. This court has previously held that the Sentencing Commission did not take into account the amount of drugs involved in the underlying transaction in determining guidelines for violation of 21 U.S.C. 843(b), and that an upward departure is therefore justified. United States v. Martinez, 946 F.2d 100, 102 (9th Cir.1991); United States v. Bennett, 900 F.2d 204, 206 (9th Cir.1990). Contrary to Lockwood's argument, the District Court did not rely on the November 1990 amendment to the Sentencing Guidelines, in which the quantity of drugs was explicitly added to the sentencing guidelines calculation. Instead the District Court logically noted that the subsequent amendment was further evidence that the amount of drugs was not a factor previously taken into account by the Sentencing Commission.
 
 
 6
 Lockwood also argues that Bennett and Martinez do not apply because unlike the defendants in those cases, Lockwood's role was "minimal". The District Court, however, disagreed with this characterization and in essence found that Lockwood was heavily involved in setting up a major drug deal. This finding is supported by the record and is not clearly erroneous. It is irrelevant that Lockwood was only an intermediary and was not attempting to purchase or possess the cocaine himself since his participation was substantial.
 
 
 7
 Finally, Lockwood argues that the District Court improperly attempted to equalize Lockwood's sentence with those received by his co-defendants. The source of Lockwood's contention is a passing remark by the court that the thirty-six month sentence was a "fair balance" between the sentences received by the other two co-defendants. Lockwood is correct that an upward departure made solely to equalize sentences among co-defendants is improper. United States v. Enriquez-Munoz, 906 F.2d 1356, 1360 (9th Cir.1990). However, it is clear in the context of the entire sentencing hearing that the Court based the upward departure on the amount of drugs involved and not on the sentences of Lockwood's co-defendants.
 
 
 8
 The upward departure was properly based on the amount of drugs involved, and the extent of the departure was not unreasonable in light of the quantity of cocaine and Lockwood's substantial participation. Indeed, the District Court would have been justified in imposing the maximum sentence available, but chose to impose a shorter sentence because of Lockwood's willingness to testify. There was no abuse of discretion.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3