996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony SPENCER, Defendant-Appellant.
 No. 92-30175.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred March 3, 1993.
Submitted June 30, 1993.
Decided July 2, 1993.
 
 Before: TANG, POOLE and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Anthony Spencer appeals his sentence for possession of marijuana while in a federal institution, in violation of 18 U.S.C. § 1791. Spencer argues that the district court erred in treating three of his four prior convictions separately for sentencing purposes. He contends that the three prior convictions were consolidated and should have been treated as one offense for sentencing purposes. We reverse and remand for resentencing.
 
 I.
 
 3
 Whether prior offenses are related under U.S.S.G. § 4A1.2 is a mixed question of law and fact which is reviewed de novo by this court. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992). This court reviews for clear error the district court's findings of fact underlying the sentencing decision. Id.
 
 II.
 
 4
 At sentencing, the district court found that Spencer's three prior offenses were "totally separate offenses" and therefore treated them as three separate offenses in calculating Spencer's sentence.
 
 
 5
 Spencer argues that his three prior convictions were consolidated and therefore should have been treated as one offense pursuant to U.S.S.G. § 4A1.2(a)(2). We agree.
 
 
 6
 Under U.S.S.G. § 4A1.2(a)(2) (1990), "[p]rior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history." The commentary to § 4A1.2(a)(2) states that "[c]ases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." (Emphasis added.)
 
 
 7
 We have held that no formal consolidation order is needed for cases to be consolidated. United States v. Bachiero, 969 F.2d 733, 734 (9th Cir.1992); United States v. Chapnick, 963 F.2d 224, 228-29 (9th Cir.1992). As in Bachiero, Spencer was sentenced for his three prior convictions at the same hearing by the same judge. Thus, as in Bachiero, Spencer's three prior convictions were consolidated for sentencing purposes and should have been treated as one offense at sentencing.
 
 
 8
 The Government argues that "unlike Chapnick and Bachiero, defendant in the instant case received consecutive sentences for two of the three convictions." Appellee's Opening Brief at 6. This argument is without merit. The Guidelines do not make a distinction between consecutive or concurrent sentences when determining whether or not defendant's prior offenses are "related." Furthermore, in United States v. Smith, No. 91-50029, slip op. 4033 4044 (9th Cir. April 22, 1993), we held that Smith's two prior convictions were consolidated notwithstanding the fact that he received consecutive sentences for them.
 
 
 9
 The Government also argues that Spencer's prior convictions are not "related" for § 4A1.2(a)(2) purposes because his prior convictions were separated by an intervening arrest. This argument is based on the fact the commentary to § 4A1.2(a)(2) (1990) was amended in 1991 to read: "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest." Id., comment. (n. 3). The Government contends that the 1991 amendment is a clarifying amendment and should be given substantial weight in construing the 1990 version of § 4A1.2(a)(2). We disagree.
 
 
 10
 Because it is not plainly clear that the amendment made in the 1991 Guidelines was to clarify pre-existing law rather than to change the existing law, the amended language to § 4A1.2(a)(2) carries no weight as a subsequent amendment. See United States v. Martinez, 946 F.2d 100, 102 (9th Cir.1991) ("where the circumstances surrounding the relevant guideline and its amendment fail to make clear that the amendment's purpose was merely to clarify rather than to alter pre-existing law, we will confer no weight on the subsequent amendment").
 
 
 11
 REVERSED and REMANDED for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3