1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Juan CASANOVA, Luis Fernando Monsalve, Defendants/Appellants.
 Nos. 92-50486, 92-50487.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1993.*
Decided July 30, 1993.
 
 Before GIBSON,** HALL and KLEINFELD, Circuit Judges.
 
 
 1
 Memorandum***
 
 
 2
 Juan Casanova and Luis Fernando Monsalve appeal their sentences resulting from their convictions of conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 846. We affirm Casanova's sentence, but vacate Monsalve's sentence and remand to the district court for resentencing.
 
 I. FACTS
 
 3
 Casanova and Monsalve were convicted of conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846, and possession with intent to distribute 430 kilograms of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). On October 2, 1989, the district court departed from the Sentencing Guidelines based on the excessive amount of cocaine involved and sentenced both Casanova and Monsalve to 228 months imprisonment. This court reversed holding that "to the extent the district court's upward departure was based on the large quantity of cocaine, it was impermissible and the sentences should be recalculated accordingly." United States v. Martinez, 946 F.2d 100, 102 (9th Cir.1991) (footnote omitted). We also stated that the district court "should also state its reasons for denying Luis [Monsalve] a two-point reduction for acceptance of responsibility." Id. at 102 n. 3. At resentencing on July 13, 1992, the district court stated it intended to depart upward from the Guidelines based on the sophistication and extent of the organization. The court also stated, based on the information contained in the presentence report, that Monsalve had not accepted responsibility as defined in the Guidelines.
 
 II. DISCUSSION
 A. Monsalve
 
 4
 Monsalve contends the district court erred in finding that he had not accepted responsibility, as defined in U.S.S.G. Sec. 3E1.1, and erred in failing to adequately state its reasons for denying the decrease in violation of Fed.R.Civ.P. 32(c)(3)(d). We disagree. U.S.S.G. Sec. 3E1.1(a) allows a two-level reduction "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." "Whether or not a defendant has accepted responsibility for his crime is a factual determination" subject to the clearly erroneous standard of review. United States. v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990). "The district court's determination will not be disturbed unless it is without foundation." United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990) (citation and quotation omitted) (emphasis in original). During an interview with a probation officer, Monsalve admitted only to entering and starting the van containing the 430 kilograms of cocaine. He denied knowing that the van contained cocaine and denied knowing any of his co-defendants prior to the day of his arrest. The district court adopted the probation officer's report and found at resentencing that Monsalve did not accept responsibility as defined in the Guidelines. The defendant bears the burden of proving he accepted responsibility, id., and a defendant who fails "to acknowledge the true extent of [his] participation in the offense" is not entitled to the reduction. United States v. Sanchez, 908 F.2d 1443, 1451 (9th Cir.1990). Finally, the court's adoption of the written findings of the probation office satisfies the requirements of Fed.R.Crim.P. 32(c)(3)(d). Rosales, 917 F.2d at 1222.
 
 
 5
 Monsalve also argues there were insufficient facts to justify an upward departure and the court failed to explain its reason for the departure. "18 U.S.C. Sec. 3553(b) requires a court to sentence a defendant within the applicable Guideline range unless 'the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission....' " United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc) (quoting 18 U.S.C. Sec. 3553(b)). At resentencing, the district court stated it was going to depart upward from the Guidelines based on the extent and sophistication of the organization. The size and extent of an illegal drug operation is a factor that has been taken into consideration by the Sentencing Commission. The Guidelines provide for increases in offense levels based on the role and position of individuals in a conspiracy, U.S.S.G Sec. 3B1.1, whether the enterprise was continuous and a defendant exercised control over a large number of individuals, U.S.S.G. Sec. 2D1.5, and the amount and type of illegal substance involved in the organization, U.S.S.G. Sec. 2D1.1. Thus, this case can be distinguished from the upward departure affirmed by this court in United States v. Shields, 939 F.2d 780, 783 (9th Cir.1991) (court departed based on extreme violation of food and drug laws and scope of steroid distribution scheme not taken into account under Sec. 2N1.1). See also United States v. Martinez-Gonzalez, 962 F.2d 874, 876 (9th Cir.1992) (court departed because Sec. 2L1.1 does not take into consideration the length, sophistication, and large number of aliens involved in smuggling operation). Moreover, the court's departure cannot be reconciled with Monsalve's admittedly minor role in the conspiracy; the court granted a two-level reduction in his offense level for his minor role, while at the same time departing from the Guideline range based on the sophistication and extent of the conspiracy. Because the court relied on an invalid departure ground and incorrectly applied the Guidelines, we vacate Monsalve's sentence and remand for resentencing within the Guideline-prescribed range of 155 to 188 months. Williams v. United States, 112 S.Ct. 1112, 1120-21 (1992).
 
 B. Casanova
 
 6
 Casanova contends the district court did not state adequate reasons for sentencing Casanova to 188 months, which is at the upper end of the Guideline range of 151 to 188 months. We disagree. The court complied with the requirement set forth in 18 U.S.C. Sec. 3553(c) that it state the reason why it chose a sentence within the guideline range, if the Guideline range exceeded 24 months. United States v. Upshaw, 918 F.2d 789, 792 (9th Cir.1990), cert. denied, 111 S.Ct. 1335 (1991). The district court stated at resentencing that it considered the sophistication and extent of the organization to be a factor in determining the defendant's sentencing. Although not a proper basis for departure, See IIA, the court's statement is sufficient to justify sentencing at the upper range of the Guidelines, thus satisfying the requirements of 18 U.S.C. Sec. 3553(c).
 
 III. CONCLUSION
 
 7
 We AFFIRM Casanova' sentence and VACATE AND REMAND Monsalve's sentence.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Floyd R. Gibson, Senior Circuit Judge, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3