9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jacqueline HENDRICKS, Defendant-Appellant.
 No. 92-37009.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 27, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jacqueline Hendricks, a federal prisoner, appeals pro se the district court's denial of her 28 U.S.C. § 2255 petition to vacate her sentence. Hendricks pleaded guilty in 1989 to conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846. Hendricks argues that the district court erred by enhancing her sentence based on her perjury at a suppression hearing and by failing to grant her a downward adjustment for acceptance of responsibility. She argues further that the Government failed to disclose evidence that showed she played a minimal role in the offense. We affirm.
 
 
 3
 We review de novo a district court's decision on a section 2255 motion. United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989) (per curiam). We review for clear error any factual findings made by the district court in deciding the motion. United States v. Arellanes, 767 F.2d 1353, 1357 (9th Cir.1985).
 
 
 4
 Hendricks argues that she was improperly punished for lying on the witness stand. United States v. Dunnigan, 113 S.Ct. 1111 (1993), and a recent amendment to Guidelines § 3C1.1(c), she argues, clarify that the adjustment cannot be applied "to punish a defendant for the exercise of a constitutional right," and require us to vacate her sentence. We disagree.
 
 
 5
 We need not determine whether the subsequent amendment serves to clarify, rather than change, the existing law. See United States v. Martinez, 946 F.2d 100, 102 (9th Cir.1991). The district court found, and this court affirmed, that Hendricks had committed perjury, which neither version of the Guidelines sanctions.
 
 
 6
 Hendricks contends that the district court refused to reduce her sentence for acceptance of responsibility based upon its improper conclusion that she obstructed justice. We are without jurisdiction to consider this claim because Hendricks timely appealed only the district court's denial of her first petition for relief under 28 U.S.C. § 2255, which did not raise this argument.
 
 
 7
 Hendricks alleges, finally, that the Government withheld evidence that showed she was a minimal participant in the offense. She cites no such evidence, however. Instead, she argues that "the scope of [her] participation in a conspiracy that began in November 1986 and ended the day of arrest [wa]s obviously minor." We note that it was Hendricks' burden to show her minimal role by a preponderance of the evidence, United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990), and we discern no clear error in the district court's conclusion that she was not a minimal participant in the conspiracy, see Arellanes, 767 F.2d at 1357.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3