41 F.3d 1515
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Louis VARGAS, Defendant-Appellant.
 No. 93-50236.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1994.
Decided Nov. 9, 1994.
 
 Before: WALLACE, Chief Judge, REINHARDT and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Louis Vargas challenges the sentence imposed for his securities fraud conviction. Vargas argues that: (1) the district court erred in departing upward based on the large amount of loss involved, and (2) even if an upward departure was warranted, the extent of the district court's departure from the Guidelines was unreasonable. We affirm the district court's decision that it had authority to depart upward because of the extraordinary amount of loss involved. However, we remand for twenty-eight (28) days, because the district judge failed to provide an adequate explanation for the extent of departure.
 
 I.
 
 3
 The district court must sentence a defendant within the guidelines, unless it "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. Sec. 3553(b). We apply a three-step test for reviewing sentences that depart from the Guidelines. First, we "determine whether the district court had legal authority to depart." Second, we "review for clear error factual findings supporting the existence of the identified circumstance. Third, we determine "whether the extent of departure from the applicable Guideline range was 'unreasonable' within the meaning of 18 U.S.C. Sec. 3742(e)(3) and (f)(2)." United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc).
 
 II.
 A. Authority to Depart
 
 4
 Whether the district court had legal authority to depart from the Guidelines is a question of law subject to de novo review. Lira-Barraza, 941 F.2d at 746.
 
 
 5
 Section 2F1.1 of the Guidelines governs sentencing for securities fraud violations. This provision specifically takes into account the amount of loss in determining the sentencing level. Starting from a base level of six, section 2F1.1 prescribes a sliding scale of enhancements, based on the amount of loss suffered by victims. For losses over $5 million, the 1987 guidelines indicate that an 11 level increase is appropriate. U.S.S.G. Sec. 2F1.1(b)(1).
 
 
 6
 Obviously, the Guidelines do take into account the kind of aggravating circumstance (amount of loss) on which the court relied in departing upward. The question is whether aggravating circumstances exist to a degree not contemplated by the Commission. The commentary accompanying section 2F1.1 provides a clear answer: "The adjustments for loss do not distinguish frauds involving losses greater than $5,000,000. Departures above the applicable guideline may be warranted if the loss substantially exceeds that amount." U.S.S.G. Sec. 2F1.1 (n. 10) (emphasis added). The Commission explicitly recognized that extremely large losses might not be adequately addressed in the Guidelines, and that upward departures may be appropriate if the losses are extremely large. See United States v. Anderson, 942 F.2d 606, 613 (9th Cir.1991) (Guideline and related commentary to be considered together; commentary should be rejected only if not possible to construe Guideline's text and commentary as consistent).
 
 
 7
 In arguing that the amount of loss is not a satisfactory basis for upward departure, Vargas relies principally on United States v. Martinez, 946 F.2d 100 (9th Cir.1991). This case does not support his argument that the district court was without authority to depart upward based on the large amount of loss. Martinez involved the application of section 2D1.1, which provides that all offenses involving more than 50 kilograms of cocaine are to be assigned a base level offense of 36. Although the Martinez defendants had been convicted of possessing a much larger quantity of cocaine, we held that an upward departure (beyond 36) was impermissible, since the Commission had taken the amount of cocaine into account in formulating the Guidelines. Martinez is distinguishable from the instant case, however, because the application notes accompanying section 2D1.1 do not indicate that enhancements for quantities over 50 kilograms of cocaine may be appropriate. In contrast, the notes accompanying section 2F1.1, specifically recognizes that upward departures may be appropriate in fraud cases, where the amount of loss substantially exceeds $5 million.
 
 
 8
 The district court's departure from the Guidelines satisfies the first prong of the Lira-Barraza test. The commentary accompanying section 2F1.1 clearly indicates that upward departures are permissible for extraordinary amounts of loss.
 
 B. Factual Findings
 
 9
 The second prong of the Lira-Barraza test requires the reviewing court to determine whether the district court's factual findings support the existence of the circumstances on which it relied in departing from the Guidelines. 941 F.2d at 746. The district court's factual findings are reviewed for clear error. Id. In this case, Vargas does not challenge the district court's factual findings, but he does challenge the reasonableness of the four-level departure. However, the question whether the extent of departure was reasonable depends at least in part on the district court's factual findings. For this reason, we must examine the findings regarding the amount of loss.
 
 
 10
 In this case, the district court did not make specific factual findings regarding the amount of loss. There is no dispute that Vargas' victims sustained losses amounting to at least $10 million, but there is significant disagreement over total losses. Vargas and the government stipulated to losses of $10 to $20 million, although the government now contends that losses were approximately $28 million. The record does not reflect the basis for the latter figure. The only apparent basis for this figure is the finding in the presentencing report that actual losses of Vargas' 486 victims totalled $26,696,105.52.
 
 
 11
 In departing upward, the district judge made reference both to the stipulated loss and to the government's allegations: "this fraud loss is substantially more than five million dollars, as high as 28 million dollars considering whatever the investors received back, and by the plea agreement itself from 10 to 20 million dollars." Unfortunately, the court did not specifically adopt either figure.
 
 C. The Extent of Departure
 
 12
 Under the third prong of Lira-Barraza, the reviewing court is to consider whether the extent of departure was "unreasonable." 941 F.2d at 747. In this case, the problem is that assessment of the extent of departure depends in part upon factual findings that the district court failed to make--specifically, on the amount of loss. As the commentary accompanying section 2F1.1 of the 1987 Guidelines points out, the sentencing court's determination of the amount of loss "need not be precise." Here, however, the difference between the plea agreement's low-end figure ($10 million) and the government's high-end figure ($28 million) is $18 million. Such an enormous range goes beyond mere imprecision. Given the court's failure to make definite findings, we must remand for a clear determination of the amount of loss, unless the degree of departure would be reasonable based on both the stipulated loss and the higher figure that the government now alleges.
 
 
 13
 In determining whether a particular departure is reasonable or unreasonable, we have recognized that some discretion is both inevitable and desirable. At the same time, we have emphasized the need to circumscribe that discretion in some respects. The sentencing court should take into account the "structure, standards and policies of the Act and Guidelines" in exercising its discretion. Lira-Barraza at 750-51. In addition, the district court "must explain in detail the reasons behind the imposition of a particular sentence, analogizing to other Guidelines provisions." United States v. Hicks, 997 F.2d 594, 599 (9th Cir.1993). The reviewing court will not comb through the record in search of permissible reasons for departure, but will rely upon those stated by the sentencing court. United States v. Faulkner, 952 F.2d 1066, 1071 (9th Cir.1991). If the district court fails to explain the reasons for the extent of departure, the panel must vacate and remand. United States v. Streit 962 F.2d 894, 905 (9th Cir.1992).
 
 
 14
 Here, the district court gave the following explanation for the sentence it imposed:
 
 
 15
 The justification for this sentence is, as I have already stated on the record several times, this is a most serious crime for the reasons that I have already stated on the record in this sentencing and in prior hearings, and the basis for upward departure is in Section 2F1.1 paragraph 10, that this offense involves a fraud with a loss much greater than five million dollars. A departure upward of four points is fully warranted, that is the court does accept the base offense level as 21 as computed by the probation officer and the Court is departing four points upward based upon the fact that this fraud loss is substantially more than five million dollars, as high as 28 million dollars considering whatever the investors received back, and by the plea agreement itself from 10 to 20 million.
 
 
 16
 From these remarks, we cannot determine whether the degree of departure was reasonable. The district court states that its reason for departing is the amount of loss involved. Yet it offers no explanation of why a four-level departure is appropriate, in view of the structure, standards and policies of the Guidelines. See Hicks, 997 F.2d at 594; Lira-Barraza, 941 F.2d at 751. The district court's failure to justify and to explain the degree of departure requires us to vacate Vargas' sentence and remand for resentencing. Streit, 962 F.2d at 905.[1]
 
 III.
 
 17
 We affirm the district court's conclusion that an amount of loss substantially exceeding $5 million is a permissible reason for departing upward, under section 2F1.1 of the 1987 Sentencing Guidelines. However, we vacate the sentence and remand to the district court for twenty-eight (28) days. On remand, the district court shall make a finding regarding the amount of loss sustained by Vargas' victims. If it then decides to depart upwards, it should not only identify the circumstances justifying departure, but also "include a reasoned explanation of the extent of the departure founded on the structure, standards, and policies of the Act and Guidelines," as our decisions in Lira-Barraza and Hicks require.
 
 
 18
 VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The government argues that we should uphold Vargas' sentence, based on the higher increases prescribed in subsequent versions of the Guidelines, citing cases from the Seventh Circuit and First Circuit. They fail to point out that this circuit confers "no weight" on subsequent amendments that alter, rather than clarify, preexisting law. Martinez, 946 F.2d at 102. There can be no question that the stiffer enhancements are alterations of the 1987 Guidelines, not clarifications. Consequently, no weight can be attached to these amendments