99 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ward David COBLE, Defendant-Appellant.
 No. 95-36212.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1996.*
Decided Oct. 17, 1996.
 
 Before: BROWNING, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ward David Coble appeals the district court's denial of his 28 U.S.C. § 2255 motion to correct his sentence. Coble contends that his federal sentence under the Sentencing Guidelines should be adjusted to reflect credit for time served on a subsequent state sentence imposed upon revocation of his probation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's decision.
 
 
 3
 The district court's interpretation and application of the Sentencing Guidelines are subject to de novo review. United States v. Shrestha, 86 F.3d 935, 938 (9th Cir.1996); United States v. Ogbuehi, 18 F.3d 807, 814 (9th Cir.1994). Absent an ex post facto violation, the sentencing court applies the Guidelines in effect on the date the defendant is sentenced. 18 U.S.C. § 3553(a)(4); United States v. Mooneyham, 938 F.2d 139, 140 (9th Cir.), cert. denied, 502 U.S. 969 (1991).
 
 
 4
 On October 23, 1990, Coble was convicted by a jury in federal court of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced in federal court on January 4, 1991 to a 15-year mandatory minimum term of imprisonment pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). Coble had been arrested by state law enforcement officials on August 1, 1990 for unrelated state charges. At the time of his arrest, he was on state parole. When the federal sentencing proceedings took place, there had been no action on the Spokane County Probation Office's request for a parole revocation hearing, but the district court was aware that the request had been made and that an additional state sentence could be imposed.
 
 
 5
 On June 14, 1991, five months after Coble had been sentenced in federal district court, the Washington State Parole Board revoked his parole and sentenced him to a three-year state term of imprisonment with credit for time served while in custody on the parole detainer from August 3, 1990. Coble was released from his state sentence and received into federal custody on July 31, 1992.
 
 
 6
 On November 11, 1993, Coble petitioned the Bureau of Prisons for credit for the time he had served since August 1, 1990. The Bureau of Prisons awarded credit toward his federal sentence for time served from August 1-2, 1990, but refused his request for credit for August 3, 1990 to July 31, 1992. Coble had already received credit for this time on his state parole revocation sentence.
 
 
 7
 On July 17, 1995, Coble petitioned the district court to correct his sentence under 28 U.S.C. § 2255. The district court found no authority in the Sentencing Guidelines to run Coble's sentence concurrently to the sentence for the state parole violation and concluded that it could not have considered the impact of a state sentence yet to be imposed when he received his federal sentence.
 
 
 8
 Coble contends that his sentence should have been modified by the district court to reflect credit for the 24 months he spent in state custody before beginning his federal sentence. He asks this court to direct the district court to depart downward 24 months from the mandatory minimum 15-year sentence so that his total imprisonment will not exceed 15 years.
 
 
 9
 Coble argues that the district court erred in finding that the Bureau of Prisons has sole discretion to award credit for time spent in state custody prior to serving a federal sentence. The Supreme Court has clearly stated, however, that a district court cannot calculate the amount of credit for prior detention at sentencing. See United States v. Wilson, 503 U.S. 329, 332-36 (1992). That determination necessarily rests with the Attorney General, through the Bureau of Prisons. Id. at 335 ("[B]ecause the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.").
 
 
 10
 The government does not dispute that the district court may review the Bureau of Prison's determination, but it asserts that the decision to refuse Coble credit for the time served from August 3, 1990 to July 31, 1992 was proper under 18 U.S.C. § 3585. 18 U.S.C. § 3585(b) provides that:
 
 
 11
 A defendant shall be given credit toward service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
 
 
 12
 (1) as a result of the offense for which the sentence was imposed; or
 
 
 13
 (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.
 
 
 14
 Coble received credit for the time served from August 3, 1990 toward his sentence on the state parole violation, and the Bureau of Prisons properly concluded that it should refuse his request to avoid double-crediting.
 
 
 15
 Even if the State had already revoked Coble's probation at the time of his federal sentencing, the United States Sentencing Guidelines contain no authority that would have directed the district court to impose concurrent state and federal sentences in Coble's case. Guidelines section 7B1.3(f), which was in effect at the time that Coble was sentenced, provides that:
 
 
 16
 Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.
 
 
 17
 Although the provision applies specifically to the revocation of federal probation, the policy it articulates leaves little question that a sentence imposed upon state parole revocation should run consecutively to any other sentence of imprisonment.
 
 
 18
 Coble focuses his argument on U.S.S.G. § 5G1.3. He asserts that it affords the district court discretion to impose his sentences concurrently. The version in effect at the time of Coble's sentencing provides that:
 
 
 19
 If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status), the sentence for the instant offense shall be imposed to run consecutively to the unexpired term of imprisonment.
 
 
 20
 Coble contends that because § 5G1.3 is silent as to situations where the defendant was not "serving a term of imprisonment," it provides authority for consecutive or concurrent sentences in his case. When Coble committed the firearms offense, and at the time the district court sentenced him, he was not serving an undischarged term of imprisonment. Section 5G1.3 does not apply because it "is only concerned with federal offenses committed when an individual is already serving a term of imprisonment stemming from other charges." United States v. Warren, 980 F.2d 1300, 1303 (9th Cir.1992), cert. denied, 510 U.S. 950 (1993).
 
 
 21
 Even if § 5G1.3 did apply, the government maintains that it would only support the result mandated by 18 U.S.C. § 3585(b) and U.S.S.G. § 7B1.3(f). The current version of the Guidelines includes commentary clarifying that where a defendant has had federal or state parole revoked, "the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release in order to provide an incremental penalty for the violation." U.S.S.G. § 5G1.3 comment (n. 6). In United States v. Bernard, the Ninth Circuit relied on the new commentary to U.S.S.G. § 5G1.3 to hold that a sentence imposed for an offense committed while on supervised release is to be served consecutively to the sentence for the violation of the supervised release itself. 48 F.3d 427, 431 (9th Cir.1995).
 
 
 22
 The commentary amending § 5G1.3, however, first appeared in the 1993 version of the Sentencing Guidelines, and Coble contends that utilizing it in his case violates the Ex Post Facto Clause. The government cites the Bernard court's conclusion that using later-enacted application notes to interpret earlier versions of the Guidelines does not violate the Ex Post Facto Clause where the new application note "merely makes explicit what was otherwise implicit in the operation of 5G1.3(b) and (c)." Id. at 432. Coble argues, however, that sections (b) and (c) did not yet exist in the version of the Guidelines under which he was sentenced. We have held that "where the circumstances surrounding the relevant guideline and its amendment fail to make clear that the amendment's purpose was merely to clarify rather than to alter preexisting law, we will confer no weight on the subsequent amendment." United States v. Martinez, 946 F.2d 100, 102 (9th Cir.1991).
 
 
 23
 This court will not determine whether the current commentary applies to Coble's case because we need not rely on U.S.S.G. § 5G1.3. Both 18 U.S.C. § 3585 and U.S.S.G. § 7B1.3(f) mandate consecutive sentences, and both were in place at the time Coble was sentenced.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3