65 F.3d 177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wei Chang LIAO, aka Tony Chan, aka Mr. Tony, Defendant-Appellant.
 No. 94-10075.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1995.*
Decided Aug. 23, 1995.
 
 Before: REINHARDT, THOMPSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We remand for resentencing.
 
 
 3
 I. Acceptance of Responsibility.
 
 
 4
 Liao argues that the district court erred when it denied him a two-level decrease for acceptance of responsibility. We review for clear error. United States v. McKinney, 15 F.3d 849, 852 (9th Cir.1994).
 
 
 5
 Liao refused to speak to the probation officer about his crime, allegedly because he feared other criminals who had been apprehended. The district judge was aware that under United States v. LaPierre, 998 F.2d 1460, 1467 (9th Cir.1993), refusal to speak to the probation officer does not justify denial of the acceptance of responsibility adjustment, but distinguished LaPierre because Liao had pleaded guilty, and had no possibility of needing to assert his factual innocence of the crime at a later time. Although Liao had pleaded guilty, without any agreement limiting his sentence, had, so far as the record before us reveals, truthfully admitted the elements of his crime, and had expressed remorse, the district court found that this was an insufficient demonstration of contrition:
 
 
 6
 A simple plea won't suffice because the Court has no basis to consider the level of his [con]trition, the level of his contriteness, the degree and intensity of how he is truly sorry. And so to that extent, I have no basis to measure the completeness of his contriteness or even the level of intensity of it. And so I find that the plea alone is insufficient for that purpose and an objection to a failure to give two points is denied.
 
 
 7
 In light of our recent decision in United States v. Vance, slip. op. No. 94-10245 (August 7, 1995), a remand is necessary so that entitlement to the acceptance of responsibility adjustment can be reevaluated. Evidence of contrition cannot be discounted because of refusal to discuss the facts of the case with the probation officer, although refusal may reduce the amount of evidence in favor of contrition. LaPierre, 998 F.2d at 1468; Vance at 9731. We held in Vance that "[t]he pretrial plea of guilty and truthful admission of all elements of the crime [are] 'significant' evidence of acceptance of responsibility. Pleading guilty without a plea bargain [is] additional evidence of acceptance of responsibility." Id. at 9738. Such "significant evidence" can be outweighed only by significant evidence the other way. Id. We cannot tell from the record whether there was any significant evidence tending to show that Liao did not accept responsibility. The record does not include the transcript of Liao's guilty plea proceeding.
 
 
 8
 II. Departure Upward.
 
 
 9
 The district court departed upward six levels. Liao appeals the basis for and extent of departure. The departure brought Liao from a sentencing range of 10-16 months to one of 27-33 months. Liao was sentenced to 30 months.
 
 
 10
 Under United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc), first, we determine whether the district court had the legal authority to depart, that is, whether it has "identifie[d] an aggravating circumstance of a kind or to a degree the Commission did not adequately take into account when formulating the Guidelines." Id. at 746. Next, we review for clear error factual findings supporting the existence of the identified circumstance. Id. at 746-47. Finally, we determine whether the extent of departure from the applicable guideline range was "unreasonable." Id. at 747.
 
 
 11
 The district court properly applied the guidelines in effect at the time of the crime, not those in effect at the time of sentencing, because the amendment after the crime was committed raised the sentence. United States v. Warren, 980 F.2d 1300, 1304 (9th Cir.1992). At the time Liao was sentenced in 1994, the applicable guideline, U.S.S.G. Sec. 2L1.1 (1993), specifically required a six-level sentencing increase if the offense involved one hundred or more aliens. But the 1991 guideline did not provide for this automatic six level increase. We discuss below the 1991 guidelines, under which Liao was sentenced.
 
 
 12
 One of the factors which persuaded the district judge to depart upward was the testimony of Special Agent William Brust of the Immigration and Naturalization Service. Agent Brust testified that Chinese aliens who come to live in New York are kept captive and forced into prostitution or hard labor, to extort the high fees the smugglers charge.
 
 
 13
 The government offered no evidence whatsoever that any of the aliens whom Liao smuggled in were on their way to be abused as Agent Brust described. The following colloquy occurred, on direct examination:
 
 
 14
 Q. Now with respect to the defendant, prior to coming here or reviewing the record in this case, had you ever heard of the defendant?
 
 
 15
 A. No, I did not.
 
 
 16
 Q. And I assume, therefore, you have no information concerning what may have happened to the people that he sent to New York, is that correct?
 
 
 17
 A. I have no idea.
 
 
 18
 [SER 25-26]
 
 
 19
 And this interchange occurred during cross-examination:
 
 
 20
 Q. But you don't know where any of the people that my client was dealing with went to?
 
 
 21
 A. I have no idea. I'm not here to tell you where your client's members are. I don't know where they are.
 
 
 22
 Q. I didn't hear your last answer.
 
 
 23
 A. I don't know where your client's members are, I'm not dealing with that case.
 
 
 24
 Q. And you have no idea what the names of the people are in these safe houses?
 
 
 25
 A. No, I do not.
 
 
 26
 Q. And you're saying you don't even know of my client from New York?
 
 
 27
 A. No, I do not.
 
 
 28
 [SER 29-30]. Because this reason for departure was not supported by the evidence, the case must be remanded for resentencing.
 
 
 29
 The district judge's other reason for departure, the number of aliens smuggled, was appropriate. The departure may have been appropriate because of the large number of aliens, well over a hundred, whom Liao helped smuggle into the country. Application note 8 informed the court that "[t]he Commission has not considered offenses involving large numbers of aliens or dangerous or inhumane treatment. An upward departure should be considered in those circumstances." U.S.S.G. Sec. 2L1.1, app. note 8 (1991).
 
 The court said:
 
 30
 I have given an upward departure in those cases that involve almost 100 or more persons. In this case the evidence, the books, the ledgers, the notebooks, the actual count of those who came on the Lucky Number 1, clearly indicate a wide spread conspiracy, a number not only as much as 100, but in the hundreds, and each to suggest numbers greater than that. For my purpose, it is enough that where the numbers here are several hundreds or more that this case is deserving of an upward departure.
 
 
 31
 [SER 59]. Liao's attorney conceded that there were at least 119 aliens involved, the number on the Lucky Number 1. [ER 15].
 
 
 32
 Even before the amendment to U.S.S.G. Sec. 2L1.1, it was appropriate to depart upward when large numbers of aliens were smuggled. In United States v. Martinez-Gonzalez, 962 F.2d 874, 876 (9th Cir.1992), this court concluded that 146 aliens constituted "large numbers of aliens" for the purpose of an upward departure. Other courts have departed upward for less. See, e.g., United States v. Huang, 977 F.2d 540 (11th Cir.1992) (approximately 100 aliens sufficiently large number to justify two-level upward departure); United States v. Lopez-Escobar, 884 F.2d 170 (5th Cir.1989) (holding that thirty-five aliens was an "extraordinary number" justifying upward departure from two to five years).
 
 
 33
 "A district court is not required to find both a large number of aliens and dangerous or inhumane treatment of aliens for the purpose of departing upward." Martinez-Gonzalez, 962 F.2d at 876. In other words, one factor or the other will suffice for an upward departure, and had the court made clear that it was departing upward based only on large numbers and not inhumane conditions, there would be no question regarding the court's authority to engage in a departure. We of course express no view with respect to the extent of any departure that the district court may impose at the time of resentencing.
 
 
 34
 We must remand for resentencing, however, because we are unable to determine to what extent the district court's decision to depart upward by six levels was influenced by Agent Brust's testimony, never tied to Liao's conduct, about how Chinese aliens were treated by smuggling gangs in New York. Liao had arguments weighing against upward departure. He claimed that his motive was to rescue Chinese from the cruel regime in Communist China, and that all he did was get the aliens a place to stay, plane tickets, and asylum lawyers, after they were arrested and released. We cannot tell whether, without Agent Brust's testimony, the departure upward would have been made, or would have been six levels high.
 
 
 35
 REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3